**E-filed on 4/16/08**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENE RUGRODEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE BANK OF PARK RAPIDS, et al.<br><br>　　　　　　Defendants. | Case Number C 08-1964 JF (RS)<br><br>ORDER[1] DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>[re: docket no. 2] |

　　On April 15, 2008, Plaintiff, acting *pro se*, filed a complaint against the City of Park Rapids, located in Hubbard County, Minnesota, the State Bank of Park Rapids, two of the bank's officers and shareholders, the Northbeach Association, and an individual named Chuck Hagen. The complaint sets forth a single untitled claim alleging that Defendants "carried out a plan, scheme and course of conduct" that has deprived Plaintiff of approximately one million dollars in property rights. Complt. ¶ 48. The complaint does not make clear how this deprivation was accomplished. Plaintiff alleges that he purchased several parcels of real estate in Hubbard County, and appears to assert that he was deprived of his rights in those parcels as a result of the following events: the county attorney switched the property description in the contract for deed

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 08-1964 JF (RS)
ORDER DENYING APPLICATION FOR TRO
(JFLC2)

with respect to "the Pines property"; Hagen, who controlled the water line serving the Pines property, refused to deliver sufficient water to that property; a superior court judge "forbade" Plaintiff from using an available well or drilling a new well to obtain water for the Pines property and ordered that the sewer line from the property be disconnected; Hubbard County Sheriff's deputies harassed and intimidated Plaintiff by, among other things, informing a contractor that he was not permitted to work on condominium units Plaintiff had purchased on another piece of property, and terrorizing tenants on yet another piece of property. Plaintiff alleges that he has not set foot in Hubbard County since 2004 because he fears for his safety there. Plaintiff further alleges that the City of Park Rapids confiscated real and personal property with a value in excess of $200,000, that Northbeach Association took over his condominium units, and that the State Bank of Park Rapids took over the Pines property. It is unclear whether these actions were pursuant to court orders.

Along with his complaint, Plaintiff filed a one-page application for temporary restraining order ("TRO"). Plaintiff seeks to "[s]tay Hubbard County Sheriff sale of Plaintiff's real and personal property in Hubbard County." App. for TRO, p. 1. He appears to assert that the property is scheduled for sale on April 24, 2008. He does not attach or describe any court order authorizing the sale. There is no indication that Plaintiff gave notice of his TRO application to Defendants, although he did represent orally to a member of the Court's staff that he intended to serve Defendants by mail.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the

1 probability of success decreases. *Roe*, 134 F.3d at 1402.

2    A TRO may be granted without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-1(b).

   Plaintiff's application will be denied without prejudice on several grounds. First, Plaintiff has failed to demonstrate that he gave timely and adequate notice to Defendants, and he has failed to explain why he did not do so. Second, Plaintiff has failed to make clear precisely what actions he wishes to enjoin. The complaint itself makes no reference to any court-ordered foreclosure sale or any other official sale of Plaintiff's property. It is a reasonable assumption that some type of legal proceeding was involved in the alleged seizure of Plaintiff's property, particularly since the actions of a county judge and Sheriff are referenced in Plaintiff's complaint. However, unless and until Plaintiff makes clear exactly how his property was taken, this Court cannot make any determination as to the merits of Plaintiff's claim. Additionally, the Court notes that federal district courts do not have jurisdiction to review state court rulings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). To the extent that Plaintiff is requesting that this Court determine the validity of any state court orders with respect to his property, this Court lacks subject matter jurisdiction.

3

**ORDER**

Accordingly, Plaintiff's application for TRO is DENIED WITHOUT PREJUDICE.

DATED:  4/16/08

_____
JEREMY FOGEL
United States District Judge

1  This Order was served upon the following persons:

3  Plaintiff *pro se*:

4  Gene Rugroden
1157 Tilton Drive
5  Sunnyvale, CA 94087

Case No. C 08-1964 JF (RS)
ORDER DENYING APPLICATION FOR TRO
(JFLC2)