**E-Filed 5/21/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| GENE RUGRODEN,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE BANK OF PARK RAPIDS, JACK SMYTHE, JON SMYTHE, CITY OF PARK RAPIDS, MN, NORTHBEACH ASSOCIATION et. Al., CHUCK HAGEN and DOES 1-100,<br><br>        Defendants. | Case Number C 08-1964<br><br>ORDER[1] DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER |

    Plaintiff Gene Rugroden ("Rugroden"), a resident of Santa Clara County, California, seeks a temporary restraining order ("TRO") enjoining the sale of real property, located in Hubbard County, Minnesota by State Bank of Park Rapids ("State Bank"). For the reasons set forth below, the application will be denied.

## I. BACKGROUND

    On April 15, 2008, Rugroden filed a complaint in this court alleging the following.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 08-1964
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER
(JFLC1)

During June of 1999, Rugroden purchased from State Bank property located in Hubbard County, Minnesota.  In 2000, Rugroden learned that the Contract for Deed Property ("the Deed") description which he signed was different from the description he was shown during earlier negotiations.  When it came time to renew the Deed in 2002, Rugroden refused to sign it unless it was revised to conform with the original description.  State Bank refused to make the requested revisions.  State Bank then refused to accept Rugroden's payments and took possession and control of the land.[2]

Rugroden alleges that he was not allowed to appear telephonically in subsequent court proceedings involving this property and further that State Bank did not personally serve a cancellation of contract for deed notice.  Rugroden filed an application for a TRO in this Court on May 20, 2008, arguing that the sale scheduled for May 22, 2008, should be enjoined because his due process rights have been violated.

### III.  DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.

The thrust of Rugroden's argument is the sale should be enjoined because the Minnesota court, the sheriff and the court deputies conspired against him to violate his due process rights.

---

[2] Although Rugroden alleges that the Bank took possession and control he also alleges that Hubbard County Sheriff deputies and others harassed, intimidated and interfered with his business and property.

2

Case No. C 08-1964
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER
(JFLC1)

1  Rugroden does not identify any specific conduct as the basis of this claim. Instead, he seeks to
2  restrain the sale until he can provide specific allegations. Rugroden explains:

> Plaintiff knows that federal district courts do not have jurisdiction to review state court rulings, however in this case once Plaintiff knows how due process was denied, he may then go to state court in Minnesota and request any actions or rulings be vacated. Until discovery, Plaintiff will not know exactly the depth and breadth of what exists or why. Plaintiff is not asking the Court to determine the validity of any sate court orders with this request, but to stay the . . . sheriff's sale until the . . . case can be heard.

7  Because Rugorden has failed to articulate a cognizable basis for his claim the Court will deny his
8  application for a TRO.

### IV.  ORDER

10  Good cause therefor appearing, IT IS HEREBY ORDERED that the application for a
11  temporary restraining order is DENIED.

13  DATED: May 21, 2008.

_____
JEREMY FOGEL
United States District Judge

3

1  This Order has been served upon the following persons:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 08-1964
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER
(JFLC1)