1  Peter M. Rehon (SBN 100123)
   Mark V. Isola (SBN 154614)
2  REHON & ROBERTS
   A Professional Corporation
3  Ten Almaden Blvd., Suite 550
   San Jose, CA 95113-2238
4  Telephone: (408) 494-0900
   Facsimile: (408) 494-0909
5
   Attorneys for Defendants
6  STATE BANK OF PARK RAPIDS,
   JACK SMYTHE, and JON SMYTHE
7

8                     UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          (San Jose Division)

11 | GENE RUGRODEN,                              | Case No. C08 - 01964
12 |     Plaintiff,                              |
   |                                             | **NOTICE OF REQUEST THAT
13 |     v.                                      | COURT TAKE JUDICIAL NOTICE
   |                                             | OF CERTAIN PUBLIC RECORDS IN
14 | STATE BANK OF PARK RAPIDS; JACK             | SUPPORT OF MOTION TO DISMISS
   | SMYTHE; JON SMYTHE; CITY OF                 | FOR LACK OF PERSONAL
15 | PARK RAPIDS, MN; NORTH BEACH                | JURISDICTION BY DEFENDANTS
   | ASSOCIATION, ET AL.; CHUCK                  | STATE BANK OF PARK RAPIDS,
16 | HAGEN, DOES 1 through 100,                  | JACK SMYTHE, AND JON SMYTHE**
17 |     Defendants.                             |
   |                                             | **Date: September 5, 2008
18 |                                             | Time: 9:00 a.m.
   |                                             | Courtroom: 3**
19 |                                             |
   |                                             | **Honorable Jeremy Fogel**
20

21      TO PLAINTIFF GENE RUGRODEN:

22      PLEASE TAKE NOTICE that Defendants State Bank of Park Rapids, Jack Smythe, and

23 Jon Smythe, at the hearing on the Motion to Dismiss for Lack of Personal Jurisdiction, which is

24 scheduled to be heard on September 5, 2008, will request that the Court take judicial notice,

25 pursuant to Evidence Code section 452(d), of the following documents:

26      A.  Second Amended Complaint; and

27      B.  Judgments.

28

                                    1                                    JNR.doc

**REQUEST FOR JUDICIAL NOTICE**

1   This request will be made on the grounds that the above-referenced documents are subject
2   to judicial notice under Evidence Code section 452(d).  True and correct copies of the foregoing
3   are attached hereto as Exhibits A and B, respectively.

4   DATED:  May 22, 2008    REHON & ROBERTS
                             A Professional Corporation

6                            By:    Mark V. Isola  /s/
7                                   Peter M. Rehon
                                    Mark V. Isola
                                    Attorneys for Defendants
8                                   STATE BANK OF PARK RAPIDS,
                                    JACK SMYTHE, and JON SMYTHE

2

JNR.doc

**REQUEST FOR JUDICIAL NOTICE**

Case 5:08-cv-01964-JF   Document 21-2   Filed 05/22/2008   Page 1 of 8

FILED

OCT 3 1 2001

Court Adm. Hubbard Co.

STATE OF MINNESOTA

COUNTY OF HUBBARD

IN DISTRICT COURT

NINTH JUDICIAL DISTRICT

| | |
|---|---|
| North Beach Association, a Minnesota Non-Profit Corporation; North Beach Condominium First Section Association; Leading Edge Aviation, Inc.; and Omasa Trust, Inc., <br> Plaintiffs, <br> vs. <br> Gene Rugroden and State Bank of Park Rapids, <br> Defendants. | Case No: C7-00-705 <br><br> SECOND AMENDED COMPLAINT |

Plaintiffs for their cause of action against the above-named defendants, allege as follows:

1. That Plaintiff, North Beach Association, is a Minnesota non-profit corporation established pursuant to the Declaration of Covenants, Conditions, Restrictions and Easements for North Beach Association dated May 4, 1976, and filed for record in the office of the Hubbard County Recorder on May 6, 1976 as Document No. 139156, in Book H of Mscl., page 358, hereinafter referred to as the "Declaration".

2. That Plaintiff, North Beach Association, is the owner of certain real estate located in Hubbard County, Minnesota, including roads, a septic system, and easements for roads, a sewer system and water system as set forth in the above-referenced Declaration, and as specifically described in Exhibit B to the Declaration, a copy of which description is attached hereto as Exhibit A, and as set forth in that quit claim deed from Hagen Properties, Inc. dated May 4, 1976, recorded in the office of the Hubbard County Recorder on May 6, 1976 in Book 133 of Deeds, Page 337, and as modified by a Road Relocation Agreement dated September 7, 1988, and filed for record in the office of the Hubbard County Recorder on September 9, 1988 in Book N. of Miscl., page 76.

3. That Plaintiff, North Beach Condominium First Section Association, is a membership association established pursuant to the above-referenced Declaration regarding condominium improvements on the parcel of property described in Exhibit C to the Declaration, a copy of which description is attached hereto as Exhibit B, and which property is benefited by the roads, sewer system and water system described in Exhibit A to the complaint. The property owned by North Beach Condominium First Section Association is commonly referred to as the "First Section Condominium Parcel".

4. That Plaintiff, Leading Edge Aviation, Inc., is a North Dakota corporation wholly owned by Charles Hagen, which is the owner of real property located in Hubbard County, Minnesota described on

**Exhibit A**

Exhibit C attached hereto, commonly known as the "Administration Building Parcel", which property is benefited by the roads, sewer system and water system described in Exhibit A to this complaint.

5. That Plaintiff, Omasa Trust, Inc., is a Minnesota corporation wholly owned by Charles Hagen, which is the purchaser of real property located in Hubbard County, Minnesota owned by Jimmie Holtz and described on Exhibit D attached hereto, commonly known as the "Campground Parcel", and which property is benefited by the roads, sewer system and water system described in Exhibit A to this complaint.

6. That Defendant State Bank of Park Rapids is a banking corporation under the laws of the State of Minnesota, which by virtue of a Sheriff's Certificate of Sale dated September 23, 1998 and filed for record in the office of the Hubbard County Recorder on September 23, 1998 in Book 188 of Deeds, page 161, as Document No. 254720, is the owner of real property located in Hubbard County, Minnesota as described in said Sheriff's Certificate of Sale, a copy of which is attached hereto as Exhibit E, and commonly referred to as the "Lodge Parcel", and which property is burdened by easements for roads, sewer system and water system described in Exhibit A to this complaint.

7. That Defendant Gene Rugroden owns a vendee's interest under a contract for deed running from Defendant State Bank of Park Rapids, which contract for deed is dated December 28, 1999 and filed for record in the office of the Hubbard County Recorder on December 30, 1999 in Book 190 of Deeds, page 572, as Document No. 262120, covering the Lodge Parcel.

8. That the above described Lodge Parcel, Administration Building Parcel, Campground Parcel, and the North Beach Condominium First Section Parcel were collectively part of the development area subject to the Condominium Development as set forth in the above referenced Declaration, which at the time the Condominium Development was initiated was under common ownership and on which the roads, sewer system and water system, as set forth in Exhibit A to this complaint, and on which other amenities and shared facilities such as a tennis court, horseshoe game area, and maintenance building were constructed for the benefit of the Condominium Development.

9. That at the time of severance of title of the Lodge Parcel, Administration Building Parcel, Campground Parcel, and the North Beach Condominium First Section Parcel, each of the parcels benefited from the roads, sewer system and water system, and other amenities and shared facilities as set forth in paragraph eight above, whether by virtue of expressed easements or easements implied by law, and have continued to benefit from the same until Defendants wrongfully interfered with those rights as set forth below.

10. That the roads, sewer system, water system, tennis court, maintenance building, horseshoe game area, and other amenities and shared facilities located in the development area as set forth in the

Declaration were all constructed by the condominium developer for the benefit of the Condominium Development and have been maintained by the condominium developer or Plaintiff North Beach Condominium First Section Association.

11. That Defendants have wrongfully interfered, or have threatened to interfere, with the property rights of the Plaintiffs as follows:

a) Defendant Gene Rugroden has shut off the water supply from a well located on the Lodge Parcel, but part of the water system covered by the express easement pursuant to the Declaration, and which is the only reliable source of water to the Campground Parcel and is the backup well for the North Beach Condominium First Section Parcel and the Administration Building Parcel; and Defendant has denied Plaintiffs' access to the well and to the pump and other equipment which is part of the water system located within the easement for the water system, and which equipment is the property of North Beach Association or North Beach Condominium First Section Association.

b) Defendants have prohibited Plaintiffs and their guests from reasonable use of the tennis courts and other amenities located upon the Lodge Parcel.

c) Defendants have prohibited Plaintiffs, North Beach Condominium Association and North Beach Condominium First Section Association from having access to the maintenance building located on the Lodge Parcel and have not permitted Plaintiffs to recover personal property of the Plaintiffs located within the maintenance building which includes:

> Four Refrigerators
> Three Stoves
> Six Condo Light Fixtures
> Thirty-two Condo Awning Metal Frames
> One Windsurfer
> Six Entertainment Center Cabinets
> Miscellaneous Screen Doors and Patio Doors
> One Small Sailboat
> Tractor Brush Cutter
> Two Tennis Nets
> Basketball Hoop and Backboard
> Twelve Attic Ventilating Fans

having a reasonable value in excess of $9,000.00.

d) Defendant Gene Rugroden has caused large landscaping boulders to be placed on the parking lot of the Administrative Building Parcel.

e) Defendant Rugroden has threatened interference with the use and maintenance of the roads, water system and sewer system located within the easements belonging to Plaintiffs.

  f) Defendants have asserted ownership of the roads, water system and sewer system to the exclusion of Plaintiffs' rights therein.

12. That neither the consent, approval, authorization nor agreement of any of the Plaintiffs has been given to the acts of the Defendants as set forth above.

13. That Plaintiffs will in the future be deprived of full use and enjoyment of their property if not permitted the reasonable use of the roads, water system, sewer system, and other easement rights they own, and will suffer significant financial damage in the future, in an amount which cannot yet be determined, due to depreciation in value and lost economic opportunity.

14. That Defendants have asserted the location of a boundary line between each of the parcels of property owned by the Plaintiffs and the Defendants which is different than as established in a Boundary Line Agreement entered into by the owners of the Lodge Parcel, Administration Building Parcel, First Section Condomium Parcel, and Campground Parcel dated May 16, 1995 and filed for record in the office of the Hubbard County Recorder on May 17, 1995 in Book 178 of Deeds, Page 885, and different than as established by conveyances of record. In particular, the Defendants have asserted ownership to boundaries as shown on a Certificate of Survey by Lowell J. Schellack dated August 19, 1993 and revised June 13, 1997.

15. That Plaintiffs and their successors in title have continuously occupied their respective parcels of land for a period of time in excess of 15 years in a manner consistent with the location of boundaries as shown on the David Landecker Survey of April 27, 1995 and as confirmed in the above referenced boundary line agreement dated May 16, 1995, and as consistent with the survey of William Okerman of the North Beach Condominium plat of March 12, 1976.

16. That Charles Hagen occupied as his home the Administration Building Parcel since at least 1994, and in 1996 did build a garage after obtaining a variance on the boundary line as shown on the above referenced Landecker Survey, without any objection from the owner of the Lodge Parcel or State Bank of Park Rapids.

17. That Defendants have not commenced any action to eject the Plaintiffs from their land.

18. That Defendant State Bank of Park Rapids, if it claims ownership to any property owned and occupied by any of the Plaintiffs by virtue of its Sheriff's Certificate dated December 23, 1998 and filed for record in the office of the Hubbard County Recorder on December 23, 1998 in Book 188 of Deeds, Page

161, Document No. 254720, it did fail to service notice of the mortgage foreclosure sale on all of the occupants of the affected property including the plaintiffs and their agents.

19. That Defendants benefit from the use of the roads, water system, and sewer disposal system owned by or established on easements granted for the benefit of the Plaintiff's property, for which the Defendants refused to contribute for the reasonable maintenance and repair of the said roads, water system and sewer disposal system.

20. That Defendant Gene Rugroden is the owner of Unit 14 of North Beach Condominium First Section, and he has exercised control of Unit 16.

21. That Units 14 and 16 of North Beach Condominium First Section are subject to the terms of the Declaration of Covenants, Conditions, Restrictions and Easements for North Beach Association and North Beach Condominium First Section (the Declaration); the Declaration of Apartment Ownership of North Beach Condominium First Section; and the By-Laws of North Beach Condominium First Section (the By-Laws).

22. That Defendant, Gene Rugroden, during May and June, 2001 did alter, construct and remove structural elements of the Common Area of North Beach Condominium First Section by, among other things, removing windows and doors from Unit 16 and installing non-conforming windows and doors without the written consent of the Board of Directors of North Beach Association and North Beach Condominium First Section Association in violation of the terms of Section VI (6) and (8) of the Declaration, and in violation of Article VI Section 3(b) and Section 4(b) of the By-Laws.

23. That Defendant, Gene Rugroden, has threatened to violate the above stated terms of the Declaration and By-Laws by attempting to remove, replace or reconstruct the roofs on Unit 14 and Unit 16. Specifically, he did on September 28, 2001 through October 1, 2001 cause a roofing crew to come to the condominium with the intent of removing, replacing or reconstructing the roofs on Unit 14 and Unit 16, and he continues to threaten to do so.

24. That Plaintiffs, North Beach Association and North Beach Condominium First Section Association are entitled to enforcement of the Declaration, the Declaration of Apartment Ownership, North Beach Condominium First Section, and the By-Laws through injunctive relief, damages, and costs, including attorney's fees, pursuant to the terms of said documents, and pursuant to the terms of M.S. §§515B.3-115 and 4-116.

WHEREFORE, Plaintiffs pray for the following relief:

1. That the Court decree that North Beach Association is the owner of the roads, sewer system and water system as set forth in the Declaration of Covenants, Conditions, Restrictions and Easements for North Beach Association dated May 4, 1976, as set forth in Paragraph Two of the Complaint.

2. That the Court decree that the above identified Administration Building Parcel, Campground Parcel, and North Beach Condominium First Section Association Parcel benefit from easements appurtenant to each in and to the roads, sewer system and water system described in the Declaration of Covenants, Conditions, Restrictions and Easements for North Beach Association dated May 4, 1976.

3. That the Court decree that the Lodge Parcel owned by Defendants is subject to the ownership rights and easements as set forth in the Declaration of Covenants, Conditions, Restrictions and Easements for North Beach Association dated May 4, 1976.

4. That the Court decree the Campground Parcel, Administration Building Parcel, and North Beach Condominium First Section Parcel benefit from easements appurtenant to each in and to the tennis courts and maintenance building located on the Lodge Parcel and that the Lodge Parcel is subject to those easements.

5. That the Defendant Gene Rugroden, his agents, servants, employees and contractors be directed to reconnect the well, pump and water supply pipes running from the well on the Defendants' land to the Plaintiffs' land, and in particular, to the Campground Parcel, as it existed prior to the disconnection thereof by the Defendant.

6. That the Defendants, their agents, servants, employees and contractors be forever enjoined and restrained from interfering with roads and septic system owned by Plaintiff North Beach Association, and from interfering with the easements in the roads, sewer system, water system, and in the amenities constructed for the benefit of the condominium development, all of which are appurtenant to and benefit the lands of the Plaintiffs.

7. That the Defendants be directed to return to Plaintiffs North Beach Association and North Beach Condominium First Section Association all of the personal property of the Plaintiffs in Defendants' possession as set forth in Paragraph 11(c) of the complaint, or to account fully to the Plaintiffs regarding the disposition of said property, and if said property has been transferred or destroyed and cannot be recovered, to pay to Plaintiffs an amount equal to the fair value of said property.

8. That Defendants be ordered to pay to Plaintiff North Beach Association a reasonable sum of money toward the maintenance and repair of the road, water system and sewage disposal system used for the benefit of Defendant's property.

9. That the Court Decree that the boundaries of the Defendant's property (the Lodge Parcel) are as shown on the survey of David Landecker, Landecker & Associates, Inc., dated April 27, 1995, and established in the Boundary Line Agreement dated May 16, 1995, filed for record in the office of the Hubbard County Recorder on May 17, 1995 in Book 178 of Deeds, Page 885; or in the alternative, decree that the Sheriff's Certificate dated December 23, 1998, and filed for record in the office of the Hubbard County Recorder on December 23, 1998 in Book 188 of Deeds, Page 161 to State Bank of Park Rapids is void and the Sheriff's sale it is based on is void.

10. That Defendant, Gene Rugroden, be forever enjoined from violating the terms and conditions of the Declaration of Covenants, Conditions, Restrictions and Easements for North Beach Association and North Beach Condominium First Section, the Declaration of Apartment Ownership North Beach Condominium First Section, and the By-Laws of North Beach Condominium First Section, and that he be ordered to restore any non-conforming alterations constructed in the Common Area in or around Units 14 and 16, North Beach Condominium First Section.

11. That Defendant, Gene Rugroden, be ordered to pay the reasonable attorney's fees and costs of the Plaintiffs North Beach Association and North Beach Condominium First Section Association incurred in the enforcement of the above stated Declarations and By-Laws.

12. That Defendant, Gene Rugroden, be ordered to pay such damages as allowed by M.S. §515B.4-116.

13. That the Court order the Defendants to pay Plaintiffs' costs and disbursements incurred herein, including their reasonable attorney's fees.

14. For such other and further relief as the Court deems to be just and equitable.

Dated: 10-23-01

_____
Carl E. Malmstrom
Thorwaldsen, Malmstrom,
Sorum, Donehower & Wilson
1105 Hwy 10 E., P.O. Box 1599
Detroit Lakes, MN 56502
218-847-5646
Atty. ID No. 143613
Attorney for Plaintiffs

ACKNOWLEDGMENT

The undersigned acknowledges that: I am familiar with the terms of Minn. Stat. § 549.211, and that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party pursuant to subd. 2 thereof, in the event a party or an attorney acts in bad faith; asserts a claim or defense that is frivolous and that is costly to another party; asserts an unfounded position solely to delay the order and course of the proceedings or to harass; or commits a fraud upon the Court.

Date: 10-23-01

Carl E. Malmstrom
Thorwaldsen, Malmstrom,
Sorum, Donehower & Wilson
1105 Hwy 10 E., P.O. Box 1599
Detroit Lakes, MN 56502
218-847-5646
Atty. ID No. 143613
Attorney for Plaintiffs

# JUDGMENT
## CASE NO. 29-C7-00-000705

NORTH BEACH ASSOCIATION et al. vs. GENE RUGRODEN et al. §  
§  
§  
§  
§  

Case Type:   Civil Other/Misc.  
Location:    Hubbard

---

### JUDGMENT DETAILS

Debtor(s)   RUGRODEN, GENE

Creditor(s)   LEADING EDGE AVIATION INC  
NORTH BEACH ASSOCIATION  
NORTH BEACH CONDOMINIUM  
FIRST SECTION ASSOCIATION  
OMASA TRUST

---

Entered Date:     03/31/2004  
Docketed:         12/03/2004 10:45 AM  
Orig. Amount:     $39,361.56  
Curr. Principal:  $39,361.56  
Judicial Officer: Judge, Presiding

Type:    Closed  
Status:  Active

---

### SATISFACTIONS

03/05/2008 | None                          $.00

**Exhibit B**

http://pa.courts.state.mn.us/JudgmentDetail.aspx?JudgmentSearchID=424323419                 5/9/2008

Logout Search Menu New Judgment Search Back

# JUDGMENT
### CASE NO. 29-C0-03-000186

| | | |
|---|---|---|
| STATE BANK OF PARK RAPIDS vs. GENE RUGRODEN | Case Type: | Civil Other/Misc. |
| | Location: | Hubbard |

---

### JUDGMENT DETAILS

| | | | |
|---|---|---|---|
| Debtor(s) | RUGRODEN, GENE | Creditor(s) | STATE BANK OF PARK RAPIDS |

| | | | |
|---|---|---|---|
| Entered Date: | 04/30/2003 | Type: | Closed |
| Docketed: | 04/30/2003 12:45 PM | Status: | Active |
| Orig. Amount: | $34,163.39 | | |
| Curr. Principal: | $34,163.39 | | |
| Judicial Officer: | Judge, Presiding | | |

### SATISFACTIONS

| | | |
|---|---|---|
| 03/27/2007 | None | $.00 |
| 11/19/2007 | None | $.00 |

Logout Search Menu New Judgment Search Back     Location: All MNCIS Sites - Case Search   Help

# JUDGMENT
## CASE NO. 29-C1-04-000580

| | | |
|---|---|---|
| PATRICK J. THOMAS AGENCY et al. vs. STATE BANK OF PARK RAPIDS et al. | Case Type: | Contract |
| | Location: | Hubbard |

---

### JUDGMENT DETAILS

| | | | |
|---|---|---|---|
| **Debtor(s)** | Rugroden, Gene | **Creditor(s)** | State Bank of Park Rapids |

| | | | |
|---|---|---|---|
| **Entered Date:** | 04/01/2008 | **Type:** | Judgment |
| **Docketed:** | 04/01/2008 9:15 AM | **Status:** | Active |
| **Orig. Amount:** | $57,415.16 | | |
| **Curr. Principal:** | $57,415.16 | | |
| **Judicial Officer:** | Rasmussen, Paul | | |

---

### SATISFACTIONS

# JUDGMENT
## Case No. 29-C5-02-000528

| DANIEL T CARLISLE vs. GENE RUGRODEN | | Case Type: | Transcript Judgment |
|---|---|---|---|
| | § § § § § § | Location: | Hubbard |

### JUDGMENT DETAILS

| Debtor(s) | RUGRODEN, GENE | | Creditor(s) | CARLISLE, DANIEL T |
|---|---|---|---|---|

| Entered Date: | 07/22/2002 | | Type: | Closed |
|---|---|---|---|---|
| Docketed: | 07/22/2002 11:49 AM | | Status: | Active |
| Orig. Amount: | $6,004.82 | | | |
| Curr. Principal: | $6,004.82 | | | |
| Judicial Officer: | Judge, Presiding | | | |

### SATISFACTIONS

Logout Search Menu New Judgment Search Back

Location: All MNCIS Sites   Case Search   Help

# JUDGMENT
## CASE NO. 29-C9-02-000922

| STATE BANK OF PARK RAPIDS vs. GENE RUGRODEN | Case Type: | Civil Other/Misc. |
|---|---|---|
| | Location: | Hubbard |

### JUDGMENT DETAILS

| Debtor(s) | RUGRODEN, GENE | Creditor(s) | STATE BANK OF PARK RAPIDS |
|---|---|---|---|

| Entered Date: | 05/08/2003 | Type: | Closed |
|---|---|---|---|
| Docketed: | 06/16/2003 9:30 AM | Status: | Active |
| Orig. Amount: | $62,836.96 | | |
| Curr. Principal: | $62,836.96 | | |
| Judicial Officer: | Judge, Presiding | | |

### SATISFACTIONS

| 03/27/2007 | None | $.00 |
|---|---|---|
| 11/19/2007 | None | $.00 |