Peter M. Rehon (SBN 100123)
Mark V. Isola (SBN 154614)
REHON & ROBERTS
A Professional Corporation
Ten Almaden Blvd., Suite 550
San Jose, CA 95113-2238
Telephone: (408) 494-0900
Facsimile: (408) 494-0909

Attorneys for Defendants
STATE BANK OF PARK RAPIDS,
JACK SMYTHE, and JON SMYTHE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| GENE RUGRODEN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BANK OF PARK RAPIDS; JACK SMYTHE; JON SMYTHE; CITY OF PARK RAPIDS, MN; NORTH BEACH ASSOCIATION, ET AL.; CHUCK HAGEN, DOES 1 through 100,<br><br>    Defendants. | Case No. C08 - 01964<br><br>**AFFIDAVIT OF GREGORY D. LARSON IN SUPPORT OF MOTION TO DISMISS BY STATE BANK OF PARK RAPIDS, JACK SMYTHE, AND JON SMYTHE**<br><br>**Date: September 5, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: 3**<br><br>**Honorable Jeremy Fogel** |

I, GREGORY D. LARSON, declare:

    1.    I was the attorney for State Bank of Park Rapids in regard to State Bank of Park Rapids' sale of the Minnesota real property known as "The Pines Supper Club" by Contract for Deed to Gene Rugroden. I have personal knowledge of the matters contained herein, and if called as a witness, I could and would competently testify thereto.

    2.    I prepared and kept, within the ordinary course of my law practice in Park Rapids, Minnesota, the Sheriff's Certificate of Sale regarding The Pines Supper Club property, a true copy of which is being filed herewith and marked Exhibit A. I also prepared and kept, within the ordinary course of my law practice in Minnesota, the Contract for Deed regarding The Pines Supper Club property, a true copy of which is being filed herewith and marked Exhibit B. In

1  addition, I prepared and kept, within the ordinary course of my law practice in Minnesota, and the
2  Amendment to Contract for Deed regarding The Pines Supper Club property, a true copy of
3  which is included in Exhibit C.

4      3.    When Gene Rugroden defaulted on the Contract for Deed, I represented State
5  Bank of Park Rapids in regard to the cancellation of the Contract for Deed pursuant to Minnesota
6  law.  I prepared and served the Notice of Cancellation of Contract for Deed, and corrected Notice
7  of Cancellation of Contract for Deed, in my law office in Minnesota, true copies of which are
8  included in Exhibit D.

9      4.    I have reviewed my file documents regarding my representation of State Bank of
10 Park Rapids in regard to said Contract for Deed, and the cancellation of thereof, which were made
11 and kept in the ordinary course of business of my law office in Park Rapids, Minnesota.  Being
12 filed herewith and marked Exhibit D are true and complete copies of the documents from my file
13 regarding all correspondence that I, on behalf of State Bank of Park Rapids, had with Gene
14 Rugroden regarding the Contract for Deed for The Pines Supper Club property and the
15 cancellation thereof.

16     5.    At my direction, my law office in Park Rapids, Minnesota, served Notice of
17 Cancellation of Contract for Deed and Corrected Notice of Cancellation of Contract for Deed on
18 Gene Rugroden by mailing the notices to his post office boxes in Park Rapids, Minnesota, and
19 Los Gatos, California.  In addition, on March 13, 2002, my office faxed a Notice of Cancellation
20 of Contract for Deed to Gene Rugroden in California at (408)379-0708.  My office also had the
21 Hubbard County Sheriff, Gary A. Mills, serve the Notice of Cancellation of Contract for Deed
22 and Corrected Notice of Cancellation of Contract for Deed on Gene Rugroden by personally
23 leaving copies with Chris Cannon, manager of The Pines Supper Club, at The Pines Supper Club
24 in Hubbard County, Minnesota, pursuant to Minnesota law.  In addition, my office published the
25 Notice of Cancellation of Contract for Deed and Corrected Notice of Cancellation of Deed in the
26 local newspaper, *The Park Rapids Enterprise,* pursuant to Minnesota law.  True copies of the
27 documentation of service of said Notices of Cancellation of Contract for Deed are included in
28 Exhibit D.

**AFFIDAVIT OF GREGORY D. LARSON ISO MOTION TO DISMISS**
CASE NO. C08 - 01964

6. My file also contains copies of a letter sent by J.D. (Jack) Smythe, as President of State Bank of Park Rapids, to Gene Rugroden in Los Gatos, California, on March 6, 2002, and a letter faxed by Jeremy M. Monroe, Senior Vice President of State Bank of Park Rapids, on September 29, 2000, to Gene Rugroden in Los Gatos, California, at (408)379-0708, regarding The Pines Supper Club property. True copies of those letters, which were kept in the ordinary course of my business, are included in Exhibit D.

7. I do not recall having, and I do not believe I had, any other contacts with Gene Rugroden in California regarding The Pines Supper Club property on behalf of State Bank of Park Rapids.

8. The controversy in regard to the legal description in the Contract for Deed between Gene Rugroden and State Bank of Park Rapids regarding The Pines Supper Club property was over a strip of land where the North Beach Association condominium office was located on the north side of what is referred to as the "Administration Building Parcel." Since State Bank of Park Rapids' title was derived from what title the previous owner, Nordica Food Service, Inc. (whose President is David Lyng), had, and since David Lyng acknowledged that Nordica had relinquished any claim it had to the strip of land where the condo office was located to the adjacent property owner, because of a valid claim of adverse possession, State Bank of Park Rapids could not deed the strip of land where the condominium office was located to Gene Rugroden. To do so would have exposed State Bank of Park Rapids and Gene Rugroden to a slander of title action. As such, I advised State Bank of Park Rapids not to include the strip of land where the condominium office was located in the legal description of The Pines Supper Club property in the Contract for Deed. When I wrote the legal description in the Contract for Deed, in my office in Minnesota, I did not include the strip of land where the condominium office was located. The legal description of The Pines Supper Club property in the Contract for Deed was consistent with the legal description in the Sheriff's Certificate of Sale, a true copy of which is being filed with the Court and marked Exhibit B, except that the legal description in the Contract for Deed did not include the strip of land on the north side of the Administration Building Parcel where the condominium office was located. This was not done to deceive or defraud Gene

1  Rugroden. State Bank of Park Rapids' agreement with Gene Rugroden was to sell him The Pines
2  Supper Club property, not the land where the condominium office was located.
3      9.    Regardless of the legal description in the Contract for Deed, Gene Rugroden
4  defaulted on the payments required by the Contract for Deed, when he had insufficient funds in
5  his account at State Bank of Park Rapids from which the automatic loan payments could be taken,
6  and when Gene Rugroden refused to otherwise make the loan payments.
7      10.   Upon Gene Rugroden's default, on behalf of State Bank of Park Rapids, I legally
8  cancelled the Contract for Deed regarding The Pines Supper Club property, pursuant to
9  Minnesota law, as evidenced by the documents in Exhibit D being filed herewith.
10     I declare under penalty of perjury under the laws of the State of California that the facts
11 stated herein are true and correct to the best of my knowledge and belief. Executed on this 21st
12 day of May, at Park Rapids, Minnesota.

   ___Gregory D. Larson  /s/_____
   Gregory D. Larson, Attorney at Law

**AFFIDAVIT OF GREGORY D. LARSON ISO MOTION TO DISMISS**
CASE NO. C08 - 01964