1  Jon K. Iverson (MN Atty ID 146389)
2  IVERSON REUVERS
3  9321 Ensign Avenue South
   Bloomington, MN  55438
4  Telephone:  (952) 548-7200
5  Facsimile:  (952) 548-7210
6  jiverson@iversonlaw.com

7  Admitted *pro hac vice*
8  Attorneys for Defendant
9  CITY OF PARK RAPIDS, MN

10  Carol L. Healey, State Bar No. 61461
11  BISHOP, BARRY, HOWE, HANEY & RYDER
12  2000 Powell Street, Suite 1425
    Emeryville, CA  94608
13  (510) 596-0888
14

15                    UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA
17                          (San Jose Division)
18

19  GENE RUGRODEN,                      | Case No. C08-01964 JF RS
20
21                    Plaintiff,        | **MEMORANDUM OF POINTS AND**
22        vs.                           | **AUTHORITIES IN SUPPORT OF**
                                        | **MOTION TO DISMISS BY**
23  STATE BANK of PARK RAPIDS,          | **DEFENDANT CITY OF PARK**
24  JACK SMYTHE, JON SMYTHE,            | **RAPIDS, MN**
    CITY OF PARK RAPIDS, MN,
25  NORTHBEACH ASSOCIATION
26  et al, CHUCK HAGEN
27  DOES 1 thru 100,                    | **Date:  September 5, 2008**
28                                      | **Time:  9:00 a.m.**
                      Defendants.       | **Courtroom:  3**
29                                      | **Honorable Jeremy Fogel**
30
31
32

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ……………………………………………………   1

II.     STATEMENT OF FACTS ………………………………………………   1

III.    STATEMENT OF THE ISSUES TO BE DECIDED ………………………   3

IV.     STANDARD OF REVIEW ……………………………………………   3

V.      ARGUMENTS ………………………………………………………   5

    I.     THE FEDERAL DISTRICT COURT, NORTHERN DISTRICT
       OF CALIFORNIA, DOES NOT HAVE PERSONAL JURISDICTION
       OVER THIS MINNESOTA MUNICIPALITY………………………   5

    II.    THE FEDERAL DISTRICT COURT, NORTHERN
       DISTRICT OF CALIFORNIA, DOES NOT REPRESENT
       THE PROPER VENUE FOR PLAINTIFF'S CLAIMS
       AGAINST PARK RAPIDS………………………………………… 12

    III.   PLAINTIFF DOES NOT PROPERLY STATE A CAUSE
       OF ACTION FOR EITHER A CIVIL RIGHTS VIOLATION
       OR A RICO CLAIM…………………………………………….. 13

VI.     CONCLUSION ………………………………………………………   15

i

TABLE OF AUTHORITIES

Page

**Cases**

*AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996) ………………….4

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) …………………………………………..3, 5

*Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) ……………………………………………15

*Bowen v. Oistead*, 125 F.3d 800 (9th Cir. 1997) ……………………………………………14

*Brown v. State*, 438 N.W.2d 456 (Minn. App. 1989) …………………………………………13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) …………………………………..10

*Core-Vent Corp. v. Nobel Indus., A.B.*, 11 F.3d 1482 (9th Cir. 1993) …………………..7, 10, 11

*Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 948 F. Supp 338 (D. Del. 1996) ……….10

*County of St. Charles v. Missouri Family Health Council*, 107 F.3d 682 (8th Cir. 1997), cert. denied, 522 U.S. 859 (1997) …………………………………………5

*Crea v. Busby*, 55 Cal. Rptr. 2d 513 (1996) ………………………………………………9

*Data Disc., Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ……………..3, 7

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) ………………6

*Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) ……………………………………………14

*Ebenezer Society v. Minnesota State Bd. of Health*, 223 N.W.2d 385 (Minn. 1974)

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

…………..13

*Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299 (9th Cir. 1986) ………………………….3

*Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392 (9th Cir. 1986)

……………..7

*Hanson v. Denckla*, 357 U.S. 235 (1958) …………………………………………………….7, 9

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1974) ……………………………………..5

*Hunt v. Erie Ins. Group*, 728 F.2d 1244 (9th Cir. 1984) ………………………………………6

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) …………………………………5, 6

*Jewish Defense Organization, Inc. v. Superior Court*, 85 Cal. Rptr. 2d 611 (1999) …………..6

*Kipperman v. McCone*, 422 F. Supp. 860, 873 (N.D. Cal. 1976) ……………………………..9

*Kransco Mfg. v. Markwitz*, 656 F.2d 1376 (9th Cir. 1981) …………………………………….5

*Miller v. Yokohama Tire Corp.*, 358 F.3d 616 (9th Cir. 2004)

…………………………..14

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ………………….13

*Morton v. Becker*, 793 F.2d 185 (8th Cir. 1986) ……………………………………………..4

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) …………………………………………..13, 14

*Pedrina v. Chun*, 97 F.3d 1296 (9th Cir. 1996) ………………………………………………14

*Polk Co. v. Dodson*, 454 U.S. 312 (1981) …………………………………………………...13

*Riley v. St. Louis County of Missouri*, 153 F.3d 627 (8th Cir. 1998)
    cert. denied, 525 U.S. 1178 (1999) …………………………………………………….4

*Rizzo v. Goode*, 423 U.S. 362 (1976) ……………………………………………………..13

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th 2004)
……………………………..6

*3D Systems v. Aarotech Lab.*, 160 F.3d 1373 (Fed. Cir. 1998) ……………………………..6

*Sinatra v. National Enquirer*, 854 F.2d 1191 (9th Cir. 1988) …………………………………7

iii

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) ...............................3

*Tweet v. Webster*, 596 F.Supp. 130 (D. Nev. 1984) ...........................................................6

*U.S. v. Real Prop. Located at 9832 Riceon Ave.*, 234 F. Supp. 2d 1136
    (C.D. Cal. 2002)
    ......................................................................................4

*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) .............................6, 8, 9, 11

**Statutes**

Minnesota Constitution, art. VI ...........................................................................2

Minnesota Statutes § 2.722 (2005) .....................................................................2

Minnesota Statutes § 370-403 ...........................................................................2

Minnesota Statutes § 410-418 ...........................................................................2

Minnesota Statutes § 542.03 ........................................................................12, 13

18 U.S.C. 1962 ............................................................................................14

28 U.S.C. § 1391(a) ....................................................................................4, 12

28 U.S.C. § 1406
    ......................................................................................4

42 U.S.C. § 1983
    ......................................................................................13

**Rules**

Ca. Civil Procedure Code § 410.10 (2008) ...........................................................6

Fed. R. Civ. P. 12(b)(2)...........................................................................1, 3, 15

Fed. R. Civ. P. 12(b)(3)...........................................................................1, 3, 4

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

1
2
Fed. R. Civ. P. 12(b)(6)...............................................................................1, 3, 15
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

v

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

# I.  <u>INTRODUCTION.</u>

On April 15, 2008, Plaintiff filed this action in the United States District Court, District of Northern California, against Park Rapids, Minnesota, alleging a conspiracy to deprive Plaintiff of his civil rights.  The Clerk of Court issued a summons to the City of Park Rapids on May 7, 2008, giving Defendant City of Park Rapids thirty (30) days to answer or, in the alternative, move for dismissal.  (*Affidavit of Jon Iverson* (June 23, 2008), *Exhibit B; ECF Doc.* 6).  In lieu of an Answer to Plaintiff's Complaint, Defendant Park Rapids noticed its motion for dismissal, requesting this Court dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6).  The Court set a date of September 5, 2008 to hear this motion, along with the motion filed by the other named defendants.  This memorandum of law in support of Park Rapids' motion clearly demonstrates the United States District Court, Northern District of California does not have jurisdiction or proper venue over Defendant Park Rapids and, even if it did, Plaintiff has not stated a viable cause of action against Park Rapids, a municipality in Minnesota.

# II.  <u>STATEMENT OF FACTS.</u>

Plaintiff's Complaint does not offer evidence nor does it even make allegations the City of Park Rapids, Minnesota had sufficient minimum contacts within California.  The record does not set forth any facts officials from the City of Park Rapids conducted business in California, had any other contacts with California or traveled to California.  Rather, Plaintiff states this Court has personal jurisdiction because he fears for his personal safety in Minnesota.  *Pl.'s Compl.* ¶ 7

1

1  (*Iverson Aff., Ex. A*; *ECF Doc.* 1-2).  The Complaint offers no proof of filing any type of civil

2
3  lawsuit in either Minnesota or, since he alleges RICO and civil rights violations, the federal

4  district court in the District of Minnesota.[1]  Plaintiff admits the only interaction he had with Park

5
6  Rapids included purchasing an armory from the City while in Minnesota and he further alleges

7  the City took possession of some personal property, allegedly located in an airplane hanger in

8
9  Minnesota.  *Pl.'s Compl.* ¶¶ 11, 43, 44 (*Iverson Aff., Ext A*; *ECF Doc.* 1-2).  In addition to these

10  allegations against the City, Plaintiff spends a good portion of his Complaint making accusations

11
12  against a state district court judge and Hubbard County, neither of which he names as defendants,

13  and both of which constitute separate and distinct entities from the City of Park Rapids.[2]

14
15      In addition to the obvious jurisdictional deficiencies discussed below, Plaintiff's

16
17  Complaint fails to even plead with specificity either a RICO violation or any specific civil rights

18  violation; rather, Plaintiff makes broad allegations of loss of property, rents and investments.

19
20  Plaintiff, grasping at straws, attempts to gain jurisdiction over Park Rapids by stating the City

21  participated in a conspiracy to defraud Plaintiff of real and personal property

22
23
24
25
26
27
_____

28  [1]  In fact, Plaintiff does not properly reference the type of court in Minnesota.  In Minnesota, no
29  "superior" court exists.  Plaintiff likely means one of Minnesota's state district courts which
30  Minnesota divides by counties.
    [2]  The State of Minnesota, not Park Rapids, employs judges.  Mn. Const. art. VI, § 5; Minn. Stat.
31  § 2.722 (2005).  Counties and cities also represent separate entities.  *Compare* Minn. Stat. §§
32  370-403 (counties) *with* Minn. Stat. §§ 410-418 (cities).

2

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

located in Minnesota, but Plaintiff does not offer proof of an agreement, intent to conspire or concerted effort. *Pl.'s Compl.* ¶ 1 (*Iverson Aff., Exhibit A; ECF Doc.* 1-2). To the contrary, Plaintiff bases his conspiracy theory on the fact the defendants purportedly know each other. *Pl.'s Compl.* ¶ 48 (*Iverson Aff., Exhibit A; ECF Doc.* 1-2).

## III.  STATEMENT OF THE ISSUES TO BE DECIDED.

I.    Does the United States District Court, Northern District of California have personal jurisdiction over the City Park Rapids, Minnesota?

II.   If jurisdiction exists, does the United States District Court, Northern District of California represent the proper forum?

III.  Even without regard to jurisdiction, does Plaintiff's Complaint sufficiently state a cause of action against the City of Park Rapids for which this Court can grant relief?

## IV.  STANDARD OF REVIEW.

A defendant may ask a court to dismiss an action if the complaint, on its face, does not state a claim against the defendant upon which the court may grant relief or if the complaint does not establish jurisdiction or venue over the defendant. Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6). *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995) (jurisdiction and venue). With respect to venue and jurisdiction, Plaintiffs have the burden of establishing personal jurisdiction and venue, which courts review *de novo. See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 104 (1998); *Data Disc., Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977); *Fields v. Sedgwick Assoc. Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir. 1986).

3

1  Where, as here, a defendant has noticed a motion to dismiss for lack of personal jurisdiction and

2  such motion relies upon the written materials, rather than an evidentiary hearing, dismissal

3

4  becomes appropriate when plaintiff has not made a prima facie showing of personal jurisdiction.

5  *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citations and

6

7  internal quotations omitted).  In reviewing Plaintiff's Complaint for a prima facie case, the court

8

9  need not accept as true unreasonable inferences, unwarranted deductions of fact or conclusory

10 legal allegations cast in the form of factual allegations.  *See U.S. v. Real Prop. Located at 9832*

11

12 *Riceon Ave.*, 234 F. Supp. 2d 1136, 1137 (C.D. Cal. 2002).

13      Additionally, under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to

14

15 dismiss a case for improper venue.  Generally, proper venue lies within a district where the

16

17 defendant resides.  *See* 28 U.S.C. § 1391(a).  If the plaintiff's chosen forum represents an

18 improper venue under applicable statutes, or appears otherwise inconvenient, the Court may

19

20 either dismiss the action or transfer the case to a more convenient venue.  28 U.S.C. § 1406

21

22 (providing for dismissal or transfer when defective venue exists).

23      Finally, when a defendant brings a motion to dismiss based upon lack of an actionable

24

25 cause of action, the court must construe the allegations in the pleadings in favor of the non-

26 moving party.  *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *Riley v. St. Louis*

27

28 *County of Missouri*, 153 F.3d 627, 630 (8th Cir. 1998), cert. denied, 525 U.S. 1178 (1999).

29 Again, however, the Court need not "blindly accept the legal conclusions drawn by the pleader

30

31 from the facts" and should grant a Motion to Dismiss for failing to state a claim, if it is beyond

32

4

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

1   doubt the non-movants can prove no set of facts entitling them to relief. *See generally, Hartford*

2   *Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1974); *County of St. Charles v. Missouri Family*

3

4   *Health Council*, 107 F.3d 682, 684 (8th Cir. 1997), cert. denied, 522 U.S. 859 (1997).

5
        In the present case, Plaintiff has failed to make a prima facie case against the City of Park
6

7   Rapids, Minnesota with respect to any of the above. This Court does not have personal

8
    jurisdiction or proper venue over the City of Park Rapids, Minnesota, and Plaintiff's Complaint
9

10  does not establish a viable claim against Park Rapids.

11

12                                   **V.  ARGUMENTS.**

13
    **I.    THE FEDERAL DISTRICT COURT, NORTHERN DISTRICT OF**
14  **       CALIFORNIA, DOES NOT HAVE PERSONAL JURISDICTION OVER**
15  **       THIS MINNESOTA MUNICIPALITY.**

16
        **A.    Insufficient Contacts.**
17

18      As this Court well knows, it must have personal jurisdiction over defendants, particularly

19
20  non-resident defendants, before it may consider the merits of a case. Plaintiff has the burden of

21
    establishing jurisdiction over nonresident defendants and does so by demonstrating sufficient
22

23  contacts between the nonresident defendant and the forum state. *International Shoe Co. v.*

24
    *Washington,* 326 U.S. 310, 316 (1945); *Ballard,* 65 F.3d at 1498; *Kransco Mfg. v. Markwitz,*
25

26  656 F.2d 1376, 1378 (9th Cir. 1981).

27
        Generally, federal courts look to the state's long-arm statutes to answer jurisdictional
28

29  questions. California's long arm statute provides "[a] court of this state may exercise jurisdiction

30
    on any basis not inconsistent with the Constitution of this state or of the United States." *See*
31

32
                                         5

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

1   *generally,* Ca. Civil Procedure Code § 410.10 (2008).  California's long-arm statute incorporates

2
3   federal due process requirements, making the jurisdictional analysis under California law and

4   federal due process the same.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801

5
6   (9th Cir. 2004); *3D Systems  v. Aarotech Lab.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).  Although

7   the language of California's long arm statute appears liberal, jurisdiction over a properly served

8
9   nonresident defendant exists ***only if*** the defendant has such minimum contacts with the state that

10  the assertion of jurisdiction does not violate traditional notions of fair play and substantial justice.

11
12   *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing

13
14  *International Shoe Co.*, 326 U.S. at 316; *Jewish Defense Organization, Inc. v. Superior Court*,

15  85 Cal. Rptr. 2d 611 (1999)).  Plaintiff meets the 'minimum contact' threshold by showing either

16
17  general jurisdiction or specific jurisdiction.

18       General jurisdiction exists when the nonresident has substantial or systematic and

19
20  continuous contacts with the forum state, and the exercise of jurisdiction satisfies traditional

21  notions of fair play and substantial justice.  *See Ziegler v. Indian River County*, 64 F.3d 470 (9th

22
23  Cir. 1995); *Hunt v. Erie Ins. Group,* 728 F.2d 1244, 1246 (9th Cir. 1984); *Tweet v. Webster,* 596

24
25  F.Supp. 130, 134 (D. Nev. 1984).  Here, the City of Park Rapids, Minnesota, has NO contact

26  with California, much less continuous contact and allowing such jurisdiction would violate the

27
28  notions of fair play and substantial justice.

29       Without continuous contact, Plaintiff must establish *specific or limited jurisdiction* over

30
31  Park Rapids.  The Ninth Circuit uses a three part analysis to review the applicability of limited

32

6

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

jurisdiction over nonresident defendants:

1.  The nonresident defendant has done some act or consummated some transaction within the forum (purposeful availment);
2.  The cause of action arises out of, or results from the activities of the defendant in the forum; and
3.  The assumption of jurisdiction based upon the conduct is consonant with due process tenets of fair play (reasonableness of jurisdiction).

*Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986); *Data Disc., Inc.*, 557 F.2d 1280 (9th Cir. 1977).

Here, none of the limited jurisdiction requirements exist with respect to Park Rapids.

1.  Purposeful Availment.

To satisfy the first prong of the Ninth Circuit's three-prong jurisdictional test, a defendant must "purposefully direct his activities or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Core-Vent Corp. v. Nobel Indus., A.B.*, 11 F.3d 1482, 1485 (9th Cir. 1993). This qualitative analysis determines whether a defendant can reasonably anticipate being sued in a particular jurisdiction. *See id.* However, a defendant's contacts with the forum state must arise out of his own actions. *See Sinatra v. National Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988). The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Based upon this reason alone, Plaintiff has not shown this Court has jurisdiction over the City of Park Rapids as

7

1
Plaintiff's Complaint attempts to reach the City of Park Rapids through alleged connections to
2
3
the other defendants. *See generally, Compl.* ¶¶ 19, 31, 39, 40, 43-44 (*Iverson Aff., Exhibit A;*
4
*ECF Doc.* 1-2). Specifically, the Complaint does not state any conduct or activity in California
5
6
by the City of Park Rapids; rather Plaintiff claims other defendants used the mail to send things to
7
him. *Id.* Plaintiff also admits he came to Minnesota to transact business with the other
8
9
defendants as well. *Id.* Regardless, the only conduct Plaintiff alleges of the City of Park Rapids
10
occurred in Minnesota.
11
12
    This purposeful availment test differentiates between tort and contract actions. *See*
13
14
*Ziegler*, 64 F.3d at 474. Here, Plaintiff appears to allege a type of tort rather than contract. *Id.*
15
(Courts apply the tort analysis to Section 1983 claims). The three elements for purposeful
16
17
availment in a tort claim include: (1) intentional action; (2) aimed at the forum state; and (3)
18
causing harm the defendant should have anticipated would be suffered in the forum state. *Id.*
19
20
    The Complaint outlines many events which undeniably occurred in Hubbard County,
21
22
Minnesota. No question, the property in dispute lies in Hubbard County, Minnesota. The City
23
of Park Rapids' alleged repossession occurred in Minnesota. *Compl.* ¶¶ 43, 44 (*Iverson Aff.,*
24
25
*Exhibit A; ECF Doc.* 1-2). Therefore, even when taking Plaintiff's allegations as true, the City
26
of Park Rapids could not have anticipated any injury suffered in California and, indeed, none has.
27
28
 Plaintiff has not demonstrated Park Rapids directed any activity in California, much less any
29
purposeful activity. Clearly, the City of Park Rapids' only contact with this forum arises from the
30
31
happenstance that Plaintiff resides here and Plaintiff's unilateral activity cannot establish
32

8

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

1  purposeful availment. *See Hanson*, 357 U.S. at 251-252.

2         2.    Claim Must Arise Out of or Result From Defendants' Forum Related
3               Activity.
4

5         The Ninth Circuit's second limited jurisdictional requirement necessitates plaintiff's

6  claims to arise out of defendants' forum related activities. *See Ziegler*, 64 F.3d at 474.  As stated
7

8  above, plaintiff's unilateral activity does not establish the City of Park Rapids purposefully
9

10 availed itself of the protections of this forum or performed any activities related to this forum.

11 *See Hanson*, 357 U.S. at 251-252.

12

13        Also, as addressed briefly under the purposeful availment section, California does not

14 recognize conspiracy as a basis for acquiring jurisdiction over a party. *See Crea v. Busby*, 55
15

16 Cal. Rptr. 2d 513 (1996).  California courts consider the forum-related acts personally committed
17

18 by the individual rather than the imputed conduct of a co-conspirator.  The conduct of a co-
19 conspirator generally represents acts too tenuous to warrant the exercise of personal jurisdiction.
20

21 *See Kipperman v. McCone*, 422 F. Supp. 860, 873 (N.D. Cal. 1976).  In the present case,

22 Plaintiff does not even demonstrate an intent to conspire or an agreement; rather, Plaintiff merely
23

24 states the defendants knew each other. *Pl.'s Compl.* ¶ 48 (*Iverson Aff., Exhibit A; ECF Doc.* 1-
25 2).  Undoubtedly, these blanket assertions of conspiracy simply cannot establish jurisdiction.
26

27 Therefore, except for plaintiff's residence, no forum related activity connects the City of Park
28 Rapids to the Northern District of California.
29

30

31

32

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

3.    <u>Due Process Must Exist.</u>

Finally, before finding jurisdiction, the court must determine whether exercising jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 948 F. Supp 338, 342 (D. Del. 1996) (citation omitted). Specifically, the Ninth Circuit engages a due process test which helps courts in applying the reasonableness inquiry – i.e., whether the exercise of personal jurisdiction over a particular defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985). To evaluate the reasonableness of jurisdiction, courts look at (1) the extent of the defendant's purposeful availment of the forum state; (2) defendant's burden of litigating in the forum; (3) any conflict with the sovereignty of the defendant's state; (4) the forum state's interest; (5) the most efficient way to adjudicate the controversy; (6) importance of the forum to the plaintiff; and (7) the existence of an alternative forum. *See Core-Vent*, 11 F.3d at 1487-88.

Although the Ninth Circuit considers a defendant's purposeful availment of the forum state as part of the first prong of its jurisdictional test, the *degree* of availment in the forum state becomes a factor weighed when assessing overall reasonableness as well. *Id.* Here no evidence exists to show Park Rapids' interjection into the forum state at all; failing to satisfy the first prong of the jurisdictional analysis, making this factor weigh heavily in favor of defendants.

Additionally, the City of Park Rapids would endure significant burden in litigating in this forum. Forcing Park Rapids' representatives to litigate in California, including bringing in

10

1   witnesses and employees, would result in exorbitant costs and interference with public business.

2
3   The third factor involves a conflict with the sovereignty of Minnesota and its cities. Here,

4   the City constitutes a municipality, organized and run as a municipal government within the State

5
6   of Minnesota. The property repossessed lies within Minnesota's boundaries. As a consequence,

7   Minnesota has an interest in adjudicating this matter. *See Ziegler*, 64 F.3d at 475. Clearly, when

8
9   a plaintiff accuses a municipality in another state of civil rights violations, the state in which the

10  municipality lies has a higher interest in providing for effective relief than California's interest in
11
12  protecting its citizens from nonresident defendants. *See id.*

13      The fifth element involves analyzing the efficiency of the forum and overlaps the court's
14
15  analysis of the third criteria – the burden of litigation. *See Core-Vent*, 11 F.3d at 1489. "In
16
17  evaluating this factor, we have looked primarily at where the witnesses and the evidence are
18
19  likely to be located." *Id.* at 1490. Again, Plaintiff's Complaint outlines various activities and
20  properties which occurred in Minnesota, as well as cites to different actors who have knowledge
21
22  of these activities, properties and the business transactions – all of whom reside in Minnesota.
23  *See generally Compl.* (*Iverson Aff., Exhibit A; ECF Doc.* 1-2). Only Plaintiff has connections
24
25  to California, making this factor weigh in favor of Park Rapids.

26      Finally, the plaintiff must show an alternative forum does not exist. *See Core-Vent*, 11
27
28  F.3d at 1490. Plaintiff has presented no evidence had he filed suit in Minnesota, he would have
29  not gained effective relief. *Id.* "Mere preference on the part of the plaintiff for its home forum
30
31  does not affect the balancing." *Id.* With all defendants residing within Minnesota, the properties
32

11

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

lying within Minnesota and the alleged activities about which Plaintiff complains occurring in

Minnesota, Minnesota represents the proper alternative forum for this case.

Because Park Rapids, Minnesota, has no contacts with nor has engaged in any conduct in California, pulling this Minnesota City into court in California goes against all tenets of due process.[3]  Therefore, the City of Park Rapids respectfully requests this Court dismiss Plaintiff's claims against the City based upon lack of personal jurisdiction.

## II.    THE FEDERAL DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, DOES NOT REPRESENT THE PROPER VENUE FOR PLAINTIFF'S CLAIMS AGAINST PARK RAPIDS.

Determination of jurisdiction precedes questions of venue and without jurisdiction, this Court should dismiss Plaintiff's claims against Park Rapids, Minnesota, making questions of venue moot.  However, if this Court decides it has jurisdiction, it certainly does not represent the proper venue for Plaintiff's claims against Park Rapids, Minnesota.  28 U.S.C. § 1391.[4]

Minnesota law also addresses venue for claims made against a city's public officials. Section 542.03 of the Minnesota Statutes states:

---

[3]  Under Plaintiff's jurisdictional theory, any individual who decides to transact business with cities in another state and then does not want the inconvenience of litigating in that other state, can bring an action wherever he or she resides.  Doing so violates the basic tenets of due process, causes extreme prejudice to municipalities and offends public policy.

[4]  A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or admissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391 (a).

12

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

1
2
3

> [A]ctions against a public officer, or person specially appointed to execute a
> public officer's duties, for acts done by virtue of the office, and against any
> person for like cause who has acted in place or in aid of the officer . . . shall
> be tried in the county in which the cause of action arose . . . .

4

5    Minn. Stat. § 542.03 (2005); *Ebenezer Society v. Minnesota State Bd. of Health,* 223 N.W.2d

6
7    385, 388-89 (Minn. 1974) (county in which the Board's offices sat represented the appropriate

8    county for venue since the Board denied the certificate of need at its offices, not at the proposed

9
10   building location); *Brown v. State,* 438 N.W.2d 456, 457 (Minn. App. 1989) (action by plaintiff

11   injured in a fall on the capitol's steps must be venued in the county where the state capitol sits

12
13   rather than plaintiff's resident county).   Accordingly, if this Court had jurisdiction, the proper

14   venue would lie in Minnesota or the United States District Court in Minnesota, not in the Federal

15
16   District Court of California, Northern District.

17   **III.    PLAINTIFF DOES NOT PROPERLY STATE A CAUSE OF ACTION FOR**
18   **          EITHER A CIVIL RIGHTS VIOLATION OR A RICO CLAIM.**
19
20          If Plaintiff intended to bring a civil rights violation claim pursuant to 42 U.S.C. § 1983,

21   there can be no liability unless the plaintiff can show a direct link between a municipal policy and
22
23   the alleged constitutional violation.  *See Oklahoma City v. Tuttle,* 471 U.S. 808 (1985); *Polk Co.*

24   *v. Dodson,* 454 U.S. 312, 326 (1981); *see Monell v. New York City Dept. of Social Services,* 436
25
26   U.S. 658, 691 (1978); *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).   Liability may not arise out of

27   a *respondeat superior* theory; i.e. employers cannot have vicarious liability under Section 1983
28
29   "for an injury inflicted solely by employees or agents."  *Monell,* 436 U.S. at 694.  In fact, proof

30   of a single incident of unconstitutional activity does not impose liability under *Monell.*
31
32

13

1    *Oklahoma City,* 471 U.S. at 824-25.  Plaintiff has not properly pled a Section 1983 claim nor has

2

3    he set forth what right Park Rapids purportedly violated.  Plaintiff has not pled his loss of

4    property arose out of a Park Rapids' custom or policy.

5

6           With respect to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the

7    Ninth Circuit has held governmental entities cannot form the requisite criminal intent to be sued

8

9    under RICO.  *Pedrina v. Chun,* 97 F.3d 1296, 1300 (9th Cir. 1996).  Based upon this finding

10

11   alone, Plaintiff's RICO claims have no merit.  Additionally, RICO prohibits, among other

12   activities, conducting an enterprise's affairs through racketeering activity.  18 U.S.C. 1962(c).  A

13

14   prima facie RICO case requires proof of the occurrence of: (1) one of the listed predicate acts (2)

15   by an enterprise (3) through a pattern (4) of racketeering activity.  *Miller v. Yokohama Tire*

16

17   *Corp.,* 358 F.3d 616, 620 (9th Cir. 2004).  In meeting this criteria, Plaintiff must demonstrate an

18   injury to a specific business or **property** interest from defendants engaging in at least two acts of

19

20   racketeering activity as defined in 18 U.S.C. § 1961.  *See, Bowen v. Oistead,* 125 F.3d 800, 806

21   (9th Cir. 1997); *Diaz v. Gates,* 420 F.3d 897, 898 (9th Cir. 2005).  Here, Plaintiff has not pled

22

23   with specificity even one instance of a predicate act as defined by the RICO statute, much less

24   two, in which the City of Park Rapids participated.  Instead, Plaintiff tried to reach Park Rapids

25

26   through unsubstantiated allegations of a conspiracy.  Section 1962(d) prohibits anyone from

27

28   conspiring to violate the provisions of 18 U.S.C. § 1962(c).  Under § 1962(d), plaintiff must

29   show that defendants objectively manifested their agreement to participate in a racketeering

30

31   enterprise through the commission of two or more predicate crimes – proof of an agreement.

32

14

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964

*Baumer v. Pachl*, 8 F.3d 1341, 1346-47 (9th Cir. 1993).  Here, plaintiff has not presented any evidence of a "conspiracy" or "agreement" among defendants to convert his property.  As a result, even with proper jurisdiction and venue, Plaintiff's Complaint fails to state a claim upon which this Court can grant relief.

## VI.  CONCLUSION.

Based on the foregoing, Defendant City of Park Rapids, MN, hereby respectfully requests this Court grant its Motion to Dismiss, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction.  If the Court feels Plaintiff overcame the jurisdictional issues, the City of Park Rapids, in the alternative, requests dismissal pursuant to Rule 12(b)(6) for failure to state an actionable claim against the City.  The City also requests reasonable costs and fees from Plaintiff for responding to this Complaint.

IVERSON REUVERS

Dated:  June 23, 2008

By   Jon K. Iverson /s/
    Jon K. Iverson, (MN Atty ID 146389)
Attorney for Defendant City of Park Rapids
Appearance *pro hac vice*
9321 Ensign Avenue South
Bloomington, MN  55438
(952) 548-7200

15

**MEMO. OF POINTS AND AUTHORITIES, PARK RAPIDS' MOTION TO DISMISS**
CASE NO. C08-01964