UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNA

No. C0-01964   CO8-1964-JF

FILED
2008 AUG -5 P 2: 47
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

GENE RUGRODEN

    Plaintiff

vs.

STATE BANK of PARK RAPIDS,
JACK SMYTHE, JON SMYTHE
CITY OF PARK RAPIDS, MN,
NORTHBEACH ASSOCIATION
et al., CHUCK HAGEN
DOES 1 thru 100

    Defendants.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
OF DENIAL OF
MOTIONS TO DISMISS BY
STATE BANK OF PARK RAPIDS
CITY OF PARK RAPIDS,
JACK SMYTHE AND JON SMYTHE

5SEP08 at 0900 in courtroom 3

The Honorable Judge
Jeremy Fogel

    Plaintiff Gene Rugroden submits this Memorandum of Points and Authorities in Support of his Motion to Deny Defendants Motions to Dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The basic facts that mandate denial of their Motions to Dismiss are:

1.    Where there is no applicable federal statute, federal courts apply the forum state's long-arm statute to determine personal jurisdiction. SeeCore-Vent corp. v. nobel Industries AB, <u>11F.3d 1482, 1484</u> (9th Cir. 1993). Here, therefore, the Court must apply California's long-arm statute, which permits courts to exercise personal jurisdiction over nonresident defendants to the extent permitted by the due process clause of the United States Constitution. See Cal.Code. Civ. P. 410.10; See also Core-Vent.

DOUGLAS FURN. CO. OF CALIFORNIA v. WOOD DIMENSIONS, (C. D. Cal.

1

1997)

2. Plaintiffs bear the burden of establishing that the district court has personal jurisdiction over each defendant. See Fed. Deposit Ins. Corp. v. British-American In. Co., 828 F.2d 1439, 1441 )9th Cir. 1987). "(U)ncontroverted allegations in the complaint must be taken as true." Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002) (citing AT & T v. Compagnie Bruxelles Lambert, 94F.3d 586 588 (9th Cir. 1996)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" Scott v. Breeland, 792 F.2d925, 927 (9th Cir. 1986) (quoting Amba Mktg.Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784,787 (9th Cir. 1977)). Any "conflicts between the facts contained in the parties' (pleadings and) affidavits must be resolved in (the non-movant's) favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." AT & T94F.3d at 588; see also Dole, 303 F.3d at 1108 (finding that "conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor"). Where, as here, the district court "relies solely on affidavits and discovery materials, the plaintiff need only establish a prima facie case of jurisdiction." See Rano v. Sipa Press, Inc.,987 F.2d 580 n. 3 (9th Cir. 1993).

BOU-MATIC, L.L.C. v. OLLIMAC DAIRY, INC. (E.D.Cal. 2006)

3. In International Shoe Co. v. Washington, 326 U.S. 310, 66S.Ct.154 90 L.Ed. 95 (1945), the Supreme Court held that a court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has "certain minimum contacts' with the relevant forum "such that the maintenance of the suit does not

2

offend 'traditional notions of fair play and substantial justice.'" Id. At 316, 66S.C. 154 (quoting Millidkenv. Meyer, 311 U.S 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be "present" in that forum for all purposes, a forum may exercise only "specific" jurisdiction – that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim. The parties agree that only specific Jurisdiction is at issue in this case.

In this circuit, we analyze specific jurisdiction according to a three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (quoting lake v. Lake, 817 F.2d 1416,1421 (9th Cir. 1987)). The first prong is determinative in this case. We have sometimes referred to it, in shorthand fashion, as the "purposeful availment" prong. Schwarzenegger, 374 F.3d at 802. Despite its label, this prong includes both purposeful availment and purposeful direction. It may be satisified by purposeful availment of the privilege of doing business in the forum; by purposeful

3

direction of activities at the forum; or by some combination thereof.

YAHOO! V. LA LIGUE CONTRE LE RACISME, 443 F.3d 1199 (9th Cir. 2006)

This allows us to reach the third prong fair play and substantial justice. The terror and fear for his safety and freedom that Plaintiff Rugroden felt, preventing him to operate in Minnesota presents a "compelling case that the presence of some other considerations that would make jurisdiction unreasonable."

BALLARD v. SAVAGE 65 F.3d 1500 )9th Cir. 1995)

" The United States and California have an interest in protecting their citizens against the type of fraudulent conduct alleged in this case… we agree as did the District Court"

BALLARD v. SAVAGE 65F.3d 1495 (9th Cir. 1995)

Based on the foregoing, Plaintiff has met his burden of demonstrating that this Federal Court in California should exercise "specific personal jurisdiction' over Defendants State Bank, Jack Smythe, Jon Smythe and City of Park Rapids.

WHEREFORE, Plaintiff Gene Rugroden hereby respectfully request this Court deny their Motion to Dismiss, pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure.

DATED 1AUG08                    GENE RUGRODEN

4