Jon K. Iverson (MN Atty ID 146389)
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN  55438
Telephone:  (952) 548-7200
Facsimile:  (952) 548-7210
jiverson@iversonlaw.com

Admitted *pro hac vice*
Attorneys for Defendant
CITY OF PARK RAPIDS, MN

Carol L. Healey, State Bar No. 61461
BISHOP, BARRY, HOWE, HANEY & RYDER
2000 Powell Street, Suite 1425
Emeryville, CA  94608
(510) 596-0888

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| GENE RUGRODEN,<br><br>            Plaintiff,<br><br>    vs.<br><br>STATE BANK of PARK RAPIDS, JACK SMYTHE, JON SMYTHE, CITY OF PARK RAPIDS, MN, NORTHBEACH ASSOCIATION et al, CHUCK HAGEN DOES 1 thru 100,<br><br>            Defendants. | Case No. C08-01964 JF RS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**<br><br>Date:  September 5, 2008<br>Time:  9:00 a.m.<br>Courtroom:  3<br>**Honorable Jeremy Fogel** |

TO PLAINTIFF GENE RUGRODEN:

# INTRODUCTION

This motion arises out of an action filed on April 15, 2008, in the United States District Court, District of Northern California, against Park Rapids, Minnesota, alleging a conspiracy to deprive Plaintiff of his civil rights. In his Complaint, Plaintiff admits, while in Minnesota, he purchased a City owned armory and that purchase represents the only interaction he had with Defendant City of Park Rapids (the "City"). Plaintiff does not dispute the armory purchase and the issues in the Complaint arise out of his default on a loan held by Defendant State Bank of Park Rapids, a loan which the record demonstrates the City had nothing to do with. Plaintiff makes a brief reference to the City taking possession of some personal property located in a City owned airplane hanger in Minnesota, but fails to describe or list this alleged property. *Pl.'s Compl.* ¶¶ 11, 43, 44 (*ECF Doc.* 1-2).[1]

The City of Park Rapids has not had, nor does it have, any contact with the State of California. Absent contacts, a California federal district court does not have jurisdiction or venue to hear a case against the City. Park Rapids notified Plaintiff of these clear jurisdictional and venue deficiencies. Park Rapids has also proffered evidence Plaintiff lost the alleged property in Minnesota through default, as is evidenced by the numerous judgments and liens against him and his property.

Park Rapids brings this Motion for Rule 11 Sanctions on the grounds Plaintiff merely intends to harass the City by bringing this frivolous lawsuit and doing so causes not only

---

[1] Plaintiff spends a good portion of his Complaint making accusations against a state district court judge and Hubbard County - neither of which he names as defendants and both of which constitute separate and distinct entities from the City of Park Rapids.

2
**MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**
CASE NO. C08-01964

unnecessary delay but also a needless increase in litigation costs. Accordingly, the City of Park Rapids respectfully requests this Court order Plaintiff to pay Defendant its reasonable attorney's fees and costs.

## STATEMENT OF UNDISPUTED FACTS

Defendants incorporate the Statement of Undisputed Facts set forth in their Memorandum of Law in Support of their Motion to Dismiss, filed on June 23, 2008 (*ECF Doc. Nos.* 31-35), and offer the following additional facts:

On April 15, 2008, Plaintiff filed this action in the United States District Court, District of Northern California, against Park Rapids, Minnesota, alleging a conspiracy to deprive Plaintiff of his civil rights. The Clerk of Court issued a summons to the City of Park Rapids on May 7, 2008, giving Defendant City of Park Rapids thirty (30) days to answer or, in the alternative, move for dismissal. (*Affidavit of Jon Iverson in support of Dismissal* (June 23, 2008), Exhibit B; *ECF Doc.* 6). In lieu of an Answer to Plaintiff's Complaint, Defendant Park Rapids noticed its Motion for Dismissal, requesting this Court dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6). On June 10, 2008, Defendant served Plaintiff with a Rule 11 Sanctions letter and accompanying motion, requesting he withdraw his Complaint. *Affidavit of Jon Iverson in Support of Rule 11 Motion* (August 5, 2008), ¶ 2. Defendant explained it would file the Motion with the Court and bring it on for hearing if, after the 21 day safe harbor period of time had passed, Plaintiff had not withdrawn and dismissed his Complaint. *Id.* Plaintiff has not done so. *Id.* at ¶ 3.

A public records search on Plaintiff demonstrates Plaintiff has defaulted on the contracts in Minnesota, as well as property in California and owes federal, state and local taxes. *Iverson Aff. in Support of Rule 11 Motion,* ¶ ¶ 4, 5.  Record number 24-26 of exhibit B referenced in paragraph 4 of Attorney Iverson's Affidavit indicates civil judgments exist against Plaintiff in Minnesota - two obtained by Co-Defendant State Bank of Park Rapids and one obtained by North Beach Association. *Id.*  The State of Minnesota holds a tax lien against Plaintiff, which sits in a long line of liens held by the IRS, the State of California, California counties of Alameda, Tuolumne and Nevada, as well as the City of San Jose. *Id.*[2]  Now, Plaintiff merely attempts to delay enforcement of the judgments held by the other Defendants by bringing this vexatious action to the detriment of an innocent Minnesota city which did nothing other than represent a location where Plaintiff decided to conduct business.

## ARGUMENT

Rule 11(c) of the Federal Rules of Civil Procedure states, "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Civ. P. Rule 11(c).  Subdivision (b) indicates that, by filing a pleading, motion or other paper with the court, an attorney or unrepresented party certifies the following:

---

[2] Plaintiff, in his Complaint fails to specify what personal property the City of Park Rapids took. Any "Sheriff's Sale" associated with execution of a lien would not result from City action. Also, the personal property uncovered in assets searches, including a number of tractors and motor vehicles, are owned by Skie Aero – a California suspended corporation. *Iverson Aff.,* ¶ 4. Skie Aero Corporation does not represent a party to this action.

4

**MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**
CASE NO. C08-01964

(1) it does not present the case with any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein have merit under existing law or non-frivolous arguments exist for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, likely will lead to evidentiary support after a reasonable opportunity for further investigation or discovery.

See generally, Fed. R. Civ. P. Rule 11(b)(1), (2) and (3).

The law does not require proof of bad faith to impose sanctions under Rule 11. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986). Rather, sanctions under Rule 11 are appropriate when a Plaintiff files a "frivolous, legally unreasonable" pleading or one "without factual foundation ..." *Id.* at 831. Even in those instances when a district court lacks jurisdiction to consider the merits of the case, the law still allows it to impose Rule 11 sanctions. *Orange Production Credit Assoc. v. Frontline Ventures, Ltd.*, 792 F.2d 797 (9th Cir. 1986); *Trohimovich v. Commissioner*, 776 F.2d 873, 875 (9th Cir. 1985) (sanctions awarded on appeal even though appeal dismissed for lack of jurisdiction).

As discussed in the City of Park Rapids' Memorandum of Law in Support of Dismissal, Plaintiff's Complaint not only has no jurisdictional basis, it has no factual foundation supporting its claims against the City. First, Plaintiff's Complaint does not offer evidence nor even make allegations the City of Park Rapids, Minnesota had sufficient minimum contacts within California – a necessary prerequisite to bring the City into an action. The record does not set forth any facts officials from the City of Park Rapids conducted business in California, had any other

contacts with California or traveled to California; rather, Plaintiff baldly claims he fears for his personal safety in Minnesota. *Pl.'s Compl.* ¶ 7. Plaintiff purchased an armory from the City while in Minnesota – a purchase he does not raise any dispute. To the contrary, Plaintiff's entire Complaint focuses on the contract for deed regarding the Pines Supper Club and the condominiums located at North Beach. *See generally, Pl.'s Compl.*

Plaintiff's Complaint also fails to plead with specificity either a RICO violation or any specific civil rights violation. *Defendant's Memorandum of Law in Support of Dismissal* (*ECF Docs.* 31-35 ). To state a civil RICO claim, plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, (5) causing injury to plaintiff's business or property. See *Chang v. Chen*, 80 F.3d 1293, 1298-1300 (9th Cir. 1996). Rather than meeting this criteria, Plaintiff makes broad allegations of loss of property, rents and investments and then, grasping at straws, attempts to gain jurisdiction over Park Rapids by stating the City participated in a conspiracy to defraud Plaintiff of this real and personal property located in Minnesota. Plaintiff never, however, offers proof of an agreement, intent to conspire or even a concerted effort. *Pl.'s Compl.* ¶ 1 (*Iverson Aff. in Support of Dismissal, Exhibit A; ECF Docs.* 1-2). To the contrary, Plaintiff bases his conspiracy theory on the fact Defendants purportedly know each other. *Pl.'s Compl.* ¶ 48 (*Iverson Aff. in Support of Dismissal, Exhibit A; ECF Docs.* 1-2). Plaintiff's only other claim against the City accuses the City of taking possession of some personal property located in a City owned airplane hanger in Minnesota. However, Plaintiff offers no insight into what property, if any, over which the City now has

control. *Pl.'s Compl.* ¶¶ 11, 43, 44 (*Iverson Aff. in Support of Dismissal, Exhibit A; ECF Docs. 1-2*). Even if the City had taken possession of personal property left in a City owned hangar, which nothing in the record demonstrates it did, no jurisdiction or venue for this type of claim exists in federal court, much less a federal court in California. Clearly, Plaintiff's claims over the City have no basis and arise only out of Plaintiff's efforts to harass the City. Since Plaintiff filed his Complaint with the Court, Defendants have incurred well over $5,000.00 in attorney's fees and costs. *Iverson Aff. at* ¶ 5. Accordingly, the City, under Rule 11, has the right to pursue these fees and costs.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Defendant's Motion for Rule 11 Sanctions and award Defendant $9,258.61 for its attorney's fees and costs associated with this vexatious and harassing action, plus reasonable costs and fees incurred since August 1, 2008.

IVERSON REUVERS

Dated: August 6, 2008

By   Jon K. Iverson /s/
     Jon K. Iverson, (MN Atty ID 146389)
     Attorney for Defendant City of Park Rapids
     9321 Ensign Avenue South
     Bloomington, MN  55438
     (952) 548-7200