Peter M. Rehon (SBN 100123)
Mark V. Isola (SBN 154614)
REHON & ROBERTS
A Professional Corporation
Ten Almaden Blvd., Suite 550
San Jose, CA  95113-2238
Telephone: (408) 494-0900
Facsimile: (408) 494-0909

Attorneys for Defendants
STATE BANK OF PARK RAPIDS,
JACK SMYTHE, and JON SMYTHE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| GENE RUGRODEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE BANK OF PARK RAPIDS; JACK SMYTHE; JON SMYTHE; CITY OF PARK RAPIDS, MN; NORTH BEACH ASSOCIATION, ET AL.; CHUCK HAGEN, DOES 1 through 100,<br><br>Defendants. | Case No.  C08 - 01964<br><br>**OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF HIS OPPOSITION TO THE MOTION TO DISMISS BY STATE BANK OF PARK RAPIDS CITY OF PARK RAPIDS, JACK SMYTHE, AND JON SMYTHE**<br><br>**Date: September 5, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: 3**<br><br>**Honorable Jeremy Fogel** |

Defendants State Bank of Park Rapids, Jack Smythe, and Jon Smythe (collectively "Defendants") hereby submit the following written objections to evidence proffered by Plaintiff Gene Rugroden ("Plaintiff") in support of his opposition to the Motion to Dismiss filed by Defendants.  Specifically, Defendants object to the evidence set forth in the Affidavit of Gene Rugroden ("Rugroden's Affidavit") and the Memorandum of Points and Authorities in Support of Denial of Motions to Dismiss by State Bank of Park Rapids, City of Park Rapids, Jack Smythe and Jon Smythe ("Rugroden's Memorandum") as follows:

**Rugroden's Affidavit**

1.    Defendants object to the following portions of the Affidavit on the ground that it

1

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE

Evidence Objection.doc

contains inadmissible hearsay evidence (F.R.E. 801-805):

¶ 5 (Alleged communication by Sue Smythe that she "told me that State Bank of Park Rapids had foreclosed . . .").

¶ 6 (Alleged communication by Ms. Smythe that she "discussed with me the terms . . .").

¶ 7 (Alleged communication by Jack Smythe that he "called me several times at my office in California . . .").

¶ 10 (Alleged communication by Jack Smythe that he "called me in California insisting . . ." and that he "said only that he wanted it . . ." and that "Jack further indicated . . .").

¶ 12 (Alleged communication by Jon Smythe that he "called me in California and talked . . .").

¶ 17 (Alleged communication that "A friend of mine told me . . .").

¶ 19 (Alleged communication by sheriff deputies that they "knew Rugroden was in here and they wanted him").

2.    Defendants object to the following portions of the Affidavit on the ground that it is based on speculation and the declarant lacks sufficient personal knowledge (FRE 602):

¶ 3  (Statements re "cooperative plan of conversion" etc.).

¶ 10  (Statements re "extreme senses [sic] of urgency" and that "the property description had been switched").

¶ 15 (Statements re witness intimidation).

¶ 19 (Statements re sheriff deputies entering property and effect it had on renters).

¶ 20 (Statements re police entering into the armory).

¶ 21 (Statement re current owner of Chevrolet pick up).

¶ 22 (Statements re denial of opportunity to appear in court).

¶ 23 (Statements re denial of appearance by telephone).

¶ 24 (Statements re refusal to provide him with information).

//

//

2

Evidence Objection.doc

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Rugroden's Memorandum

1.    Defendants object to the statements made in the Memorandum which are characterized as statements of fact because they are not supported by any references to the evidence submitted in connection with the opposition and are not supported by any competent admissible evidence.  As such, the Court should disregard the statements of fact made in Rugroden's Memorandum to the extent they are unsupported by the record.  (See *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235 (9th Cir. 1980) [A party opposing summary judgment may not raise a triable issue of material fact based on statements made in its memorandum of points and authorities].)

### Conclusion

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that the Court sustain the foregoing objections and rule that the above-described evidence is inadmissible. (*FDIC v. New Hampshire Insurance Co.*, 953 F.2d 478, 484 (9th Cir. 1991).)

DATED: August 21, 2008                    REHON & ROBERTS
                                          A Professional Corporation


                                     By:    Mark V. Isola  /s/
                                          Peter M. Rehon
                                          Mark V. Isola
                                          Attorneys for Defendants
                                          STATE BANK OF PARK RAPIDS,
                                          JACK SMYTHE, and JON SMYTHE

Evidence Objection.doc

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE