Peter M. Rehon (SBN 100123)
Mark V. Isola (SBN 154614)
REHON & ROBERTS
A Professional Corporation
Ten Almaden Blvd., Suite 550
San Jose, CA 95113-2238
Telephone: (408) 494-0900
Facsimile: (408) 494-0909

Attorneys for Defendants
STATE BANK OF PARK RAPIDS,
JACK SMYTHE, and JON SMYTHE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| GENE RUGRODEN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BANK OF PARK RAPIDS; JACK SMYTHE; JON SMYTHE; CITY OF PARK RAPIDS, MN; NORTH BEACH ASSOCIATION, ET AL.; CHUCK HAGEN, DOES 1 through 100,<br><br>    Defendants. | Case No. C08 - 01964<br><br>**RESPONSIVE AFFIDAVIT OF JACK D. SMYTHE IN SUPPORT OF MOTION TO DISMISS BY STATE BANK OF PARK RAPIDS, JACK SMYTHE, AND JON SMYTHE**<br><br>**Date: September 5, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: 3**<br><br>**Honorable Jeremy Fogel** |

I, JACK D. SMYTHE, declare:

    1.    I am one of the defendants in the above-entitled matter, and I have personal knowledge of the facts and matters stated herein, and if called as a witness, I could and would competently testify thereto.

    2.    Gene Rugroden's statements in paragraph 3 of his affidavit are false. I did not "systematically engage in a cooperative plan of conversion, targeting [Gene Rugroden] in California, to relieve [Gene Rugroden] of property and money and terrorizing [Gene Rugroden]…." On May 22, 2008, State Bank of Park Rapids executed on one of Gene Rugroden's lake properties in Hubbard County, Minnesota, as allowed by Minnesota law, to satisfy one of the judgments State Bank of Park Rapids has legally obtained against him.

**AFFIDAVIT OF JACK D. SMYTHE ISO MOTION TO DISMISS**
CASE NO. C08 - 01964

1        3.    Gene Rugroden's statements in paragraph 7 of his affidavit are false. I did not call
2  Gene Rugroden at Gene Rugroden's office in California several times in April and May of 1999
3  to discuss the form and price of a deal for Gene Rugroden to purchase The Pines Supper Club
4  property.
5        4.    Gene Rugroden's statements in paragraph 8 of his affidavit are false to the extent
6  that I did not turn possession of The Pines Supper Club property over to Gene Rugroden on July
7  1, 1999. State Bank of Park Rapids provided Gene Rugroden with key access to The Pines
8  Supper Club several times.
9        5.    In response to Gene Rugroden's statement in paragraph 9 of his affidavit, I
10 question whether Gene Rugroden could have obtained a building permit in Hubbard County to
11 improve real property that he did not have an ownership interest in yet. The Contract for Deed in
12 regard to The Pines Supper Club property between State Bank of Park Rapids and Gene
13 Rugroden is dated December 28, 1999.
14       6.    Gene Rugroden's statements in paragraph 10 are false to the extent that I did not
15 call Gene Rugroden in California in late December 1999. The State Bank of Park Rapids sent the
16 Contract for Deed to Gene Rugroden in California in late December 1999, because the Contract
17 for Deed needed to be signed before Gene Rugroden opened The Pines Supper Club for business
18 on New Year's Eve. I did not tell Gene Rugroden that the legal description in the Contract for
19 Deed matched that which was foreclosed on in 1998.
20       7.    Gene Rugroden's statement in paragraph 15 of his affidavit is false. Neither I nor
21 any other employees of State Bank of Park Rapids intimidated any witnesses.
22       8.    In response to Gene Rugroden's statements in paragraph 21 of his affidavit (the
23 second paragraph 21 on page 4 of his affidavit), State Bank of Park Rapids noticed a sheriff's sale
24 for May 22, 2008, to execute on one of Gene Rugroden's lake properties in Hubbard County,
25 Minnesota, to satisfy one of the judgments State Bank of Park Rapids has legally obtained against
26 Gene Rugroden. The sheriff's sale was conducted according to the laws of Minnesota, and Gene
27 Rugroden was provided with all of the notices and information required by the laws of
28

**AFFIDAVIT OF JACK D. SMYTHE ISO MOTION TO DISMISS**
CASE NO. C08 - 01964

1  Minnesota.  The fair market value of the lake property that was executed on was significantly less
2  than $300,000.
3     I declare under penalty of perjury under the laws of the State of California that the facts
4  stated herein are true and correct to the best of my knowledge and belief.  Executed on this 21st
5  day of August, 2008, at Park Rapids, Minnesota.

    ___Jack D. Smythe  /s/_____
    Jack D. Smythe

Responsive Formatted Affidavit of Jack Smythe_v2.doc

**AFFIDAVIT OF JACK D. SMYTHE ISO MOTION TO DISMISS**
CASE NO. C08 - 01964