Peter M. Rehon (SBN 100123)
Mark V. Isola (SBN 154614)
REHON & ROBERTS
A Professional Corporation
Ten Almaden Blvd., Suite 550
San Jose, CA  95113-2238
Telephone: (408) 494-0900
Facsimile: (408) 494-0909

Attorneys for Defendants
STATE BANK OF PARK RAPIDS,
JACK SMYTHE, and JON SMYTHE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| GENE RUGRODEN, <br><br>    Plaintiff, <br><br>    v. <br><br>STATE BANK OF PARK RAPIDS; JACK SMYTHE; JON SMYTHE; CITY OF PARK RAPIDS, MN; NORTH BEACH ASSOCIATION, ET AL.; CHUCK HAGEN, DOES 1 through 100, <br><br>    Defendants. | Case No.  C08 - 01964 <br><br>**RESPONSIVE AFFIDAVIT OF SUE SMYTHE IN SUPPORT OF MOTION TO DISMISS BY STATE BANK OF PARK RAPIDS, JACK SMYTHE, AND JON SMYTHE** <br><br>**Date: September 5, 2008** <br>**Time: 9:00 a.m.** <br>**Courtroom: 3** <br><br>**Honorable Jeremy Fogel** |

I, SUE SMYTHE, declare:

1.    I am the daughter of Jack Smythe and the sister of Jon Smythe, who are defendants in the above-entitled matter.  I am employed by State Bank of Park Rapids as the Executive Vice President.  I have personal knowledge of all matters contained herein, and if called as a witness, I could and would competently testify thereto.

2.    In response to Gene Rugroden's statements in paragraph 3 of his affidavit, neither State Bank of Park Rapids, Jack Smythe, nor Jon Smythe ever had a plan to relieve Rugroden of his property or money nor did they ever terrorize him.  Gene Rugroden came to my ome at least three times in April 2008 and did not act in a manner that suggested he was fearing for his safety.

3. In response to Gene Rugroden's statements in paragraph 4 of his affidavit, I did not visit Gene Rugroden in California fourth quarter of 1998 nor did I visit him in California during 1990.

4. In response to Gene Rugroden's statement in paragraph 6 of his affidavit, I did not discuss with Gene Rugroden the terms that Jack Smythe and State Bank of Park Rapids may be agreeable to related to a purchase by Gene Rugroden of The Pines Supper Club property from State Bank of Park Rapids. I purposely disassociated myself from business dealings concerning Gene Rugroden.

5. In response to Gene Rugroden's statements in paragraph 14 of his affidavit, the City of Park Rapids took the Armory back from Gene Rugroden, because Gene Rugroden failed to meet the terms of the contract that he signed when he purchased the Armory for $1. When the City of Park Rapids sold the Armory property at action May 23, 2004, Gene Rugroden convinced me to buy the Armory claiming it was for the future of our son, and repeatedly promised me that he would purchase the property himself at the sale closing. Gene Rugroden failed to fulfill his promise which left me obligated to purchase the property. Several times over the past four years I have told Gene Rugroden I do not want to own the Armory property and Rugroden has repeatedly responded that he will purchase the property back from me and begs me not to sell it to a third party. I have asked him for assistance in covering ongoing expenses associated with holding the Armory property but Rugroden has failed to provide such funds. Gene Rugroden also stopped paying child support in 2006 and now owes me $17,300 in support for our son. These examples are testimony of Gene Rugroden's character.

I declare under penalty of perjury under the laws of the State of California that the facts stated herein are true and correct to the best of my knowledge and belief. Executed on this 15th day of August, at Park Rapids, Minnesota.

     Sue Smythe /s/
     Sue Smythe

2

Responsive Formatted Affidavit of Sue Smythe 080708 (3).doc

**AFFIDAVIT OF SUE SMYTHE ISO MOTION TO DISMISS**
CASE NO. C08 - 01964