\*\* E-filed 10/1/08\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENE RUGRODEN,<br><br>           Plaintiff,<br><br>      v.<br><br>STATE BANK OF PARK RAPIDS, JACK SMYTHE, JON SMYTHE, CITY OF PARK RAPIDS, MN, NORTHBEACH ASSOCIATION et. al., CHUCK HAGEN and DOES 1-100,<br><br>           Defendants. | Case Number C 08-1964 JF (RS)<br><br>ORDER[1] GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

Defendants State Bank of Park Rapids ("State Bank"), Jack Smythe and Jon Smythe move to dismiss the complaint of plaintiff Gene Rugroden ("Rugroden") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[2] Defendant City of Park Rapids, Minnesota ("Park Rapids") moves separately to dismiss Rugroden's complaint pursuant to Rule 12(b)(2) or, in the alternative, pursuant to Rules 12(b)(3) and 12(b)(6). Finally, Park Rapids moves for

---

[1] This disposition is not designated for publication in the official reports.

[2] Unless otherwise indicated, references to Rules hereinafter will refer to the Federal Rules of Civil Procedure.

sanctions against Rugroden pursuant to Rule 11.  Rugroden, proceeding pro se, has filed opposition only as to the motions to dismiss pursuant to Rule 12(b)(2). For the reasons set forth below, the Court will grant both motions pursuant to Rule 12(b)(2).  The motion for Rule 11 sanctions will be denied.

## I. BACKGROUND

Rugroden is a California resident.  All defendants are Minnesota residents: State Bank is a Minnesota corporation; Jack Smythe and Jon Smythe are residents of Minnesota; and Park Rapids is a city located in Hubbard County, Minnesota.

This case arises out of the foreclosure of property in Hubbard County, Minnesota ("Property"). Rugroden alleges the following: upon learning of the foreclosure, Rugroden spoke with Jack Smythe, President of State Bank, to express his interest in purchasing the property. Thereafter, the parties met in Minnesota to sign an agreement setting forth the purchase terms. In December 1999, Jack Smythe sent a document entitled "Contract for Deed Property" ("the Deed") to Rugroden in California. Rugroden claims that he later discovered that the description of the property in the Deed was different from the description he was shown during negotiations. The parties were unable to resolve this issue, and State Bank cancelled the Deed.

On April 15, 2008, Rugroden filed the instant complaint in this Court alleging that State Bank, Jack Smythe and Jon Smythe conspired to defraud him of property.  Rugroden also claims that Park Rapids participated in the conspiracy by depriving him of his civil rights. In lieu of an answer, Defendants moved to dismiss the complaint.  State Bank, Jack Smythe and Jon Smythe filed their motion on May 22, 2008. Park Rapids filed a separate motion to dismiss on June 26, 2008.[3]

---

[3]Defendants did not respond to the complaint within twenty days as required under Rule 12(a)(1), and Rugroden sought default judgment against them.  However, Rugroden did not obtain a clerk's entry of default prior to seeking default judgment as required under Rule 55. *See Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). Moreover, even if Rugroden's applications for default judgment were procedurally proper, the Court in its discretion would consider Defendants' motions to dismiss on the ground that the short delay in filing the motions did not prejudice Rugroden.

1    Generally, Defendants contend that they lack sufficient contacts with California to justify
2 the exercise of either general or specific jurisdiction. Rugroden argues that Defendants' mail, fax
3 and telephone communications directed towards him in California constitute sufficient minimum
4 contacts to justify the exercise of specific jurisdiction in this forum. Additionally, Rugroden
5 claims that he feels terror and fear for his safety in Minnesota, and that his case must be heard in
6 California in order to comport with fair play and substantial justice.

## II. DISCUSSION

A district court entertaining a case on the basis of diversity jurisdiction has personal jurisdiction over nonresident defendants to the extent the forum state's law constitutionally provides. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). California's long-arm statute authorizes the exercise of personal jurisdiction to the full extent authorized by the Constitution of the United States. Cal. Civ. P. Code § 410.10; *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1241 (9th Cir. 1984). Therefore, jurisdictional analysis under California law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Accordingly, the Due Process Clause of the United States Constitution has been interpreted to authorize the exercise of personal jurisdiction over a nonresident defendant that has sufficient "minimum contacts" with the forum state such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945); *see also Data Disc*, 557 F.2d at 1287.

When a nonresident defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction is proper. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). In the context of a motion to dismiss based upon pleadings and affidavits, the plaintiff may meet this burden by making a prima facie showing of personal jurisdiction. *See Metropolitan Life Ins. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990); *Data Disc*, 557 F.2d at 1285. Documents submitted by the plaintiff are construed in the light most favorable to the plaintiff and all doubts are resolved in the plaintiff's favor. *See id.*

### A. General Jurisdiction

Personal jurisdiction over a nonresident defendant can be either general or specific. If the nonresident defendant's contacts with California are "substantial" or "continuous and systematic," the defendant is subject to "general jurisdiction" in California; the claim need not be related to the defendant's activities within the state. *Data Disc*, 557 F.2d at 1287. State Bank, Jack Smythe and Jon Smythe maintain that they never have had offices, personnel or business agents in California; they never have done business in California; and they never have lived in California. Park Rapids maintains that it does not have any contact with California whatsoever. Rugroden concedes that general jurisdiction does not exist in this case.

### B. Specific Jurisdiction

If the defendant's activities within the state are not so pervasive as to subject it to general jurisdiction, it may be subject to "specific jurisdiction" if the cause of action is directly related to those activities. *Data Disc*, 557 F.2d at 1287. The Ninth Circuit has articulated a three-part test to determine when it is appropriate to exercise specific jurisdiction over a particular defendant: (1) the nonresident defendant has performed some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction is reasonable. *Id.*

#### A. State Bank, Jack Smythe and Jon Smythe

To satisfy the first prong of the Ninth Circuit's three-part jurisdictional test, a defendant must "purposefully direct his activities or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Core-Vent Corp. v. Nobel Indus., A.B.*, 11 F.3d 1482, 1485 (9th Cir. 1993).[4] However, the unilateral activity

---

[4] The Ninth Circuit applies two distinct tests under the first prong: "purposeful availment" analysis is applied most often in contract actions; "purposeful direction" analysis is applied most often in tort actions. *See Schwarzenegger*, 374 F.3d at 802 (citations omitted). Given how few contacts Defendants have with California, the Court need not dwell on this distinction.

of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

In this case, State Bank sent letters and faxes and made phone calls to Rugroden in California regarding the legal description in the Deed and the parties' subsequent dispute. Ordinarily, letters and telephone calls fall short of purposeful activity invoking the benefits and protection of the forum state. *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985), citing *Thos. P. Gonzales Corp. v. Consejo Nacional, Etc.*, 614 F.2d 1247, 1254 (9th Cir. 1980).

The second prong of the specific jurisdiction test is that "the claim must be one which arises out of or results from the defendant's forum-related activities." *Data Disc*, 557 F. 2d at 1287. Rugroden claims that an officer of State Bank, with whom he had a personal relationship, visited him in California and discussed the terms of the purchase agreement. However, Rugroden's claims are based upon State Bank's later alleged conduct in changing the legal description in the contract for the Deed. These changes occurred in Minnesota, involved property in Minnesota, and were undertaken pursuant to Minnesota law.

With respect to the third prong, Rugroden claims that because he fears for his safety and freedom in Minnesota, justice requires that the case be heard in California. Such fear does not render reasonable this Court's assertion of personal jurisdiction over Defendants. The alleged conspiracy targets real property in Minnesota; the alleged wrongful acts of the conspiracy occurred predominantly in Minnesota; and the parties to the alleged conspiracy all reside in Minnesota. Accordingly, a court in Minnesota is in the best position to adjudicate these geographically local issues. Rugroden's fear for his safety arises from his interactions with Minnesota state officials and officers; he makes no showing that a federal district court in Minnesota is not an appropriate forum in which to address his concerns.

### B. Park Rapids

Rugroden offers no evidence of any conduct or activity in California by Park Rapids. Rather, he attempts to reach Park Rapids through its alleged connections to the other defendants. As discussed above, the Court lacks personal jurisdiction over State Bank, Jack Smythe and Jon Smythe; it follows that it cannot exercise personal jurisdiction over Park Rapids. Given this

conclusion, the Court need not resolve Park Rapids' additional arguments that venue is improper and that Rugroden has failed to state a claim upon which relief could be granted.

### III. SANCTIONS

On August 6, 2008, Park Rapids filed a motion for sanctions pursuant to Rule 11. It alleges that Rugroden intended to harass Park Rapids by bringing a frivolous lawsuit, which has caused unnecessary delay and increased litigation costs. It requests $9,258.61 in attorney's fees and costs associated with the action. Rugroden has not filed opposition.

Rule 11(b) requires that a party, including one without representation, certify to the best of his/her knowledge that the action is not being presented for an improper purpose, the claims are supported by nonfrivolous argument, factual contents have evidentiary support, and denials have a reasonable basis. Fed. R. Civ. P. 11(b). For violation of Rule 11(b), a court may impose appropriate sanctions including reasonable attorney's fees. Fed. R. Civ. P. 11(c). The sanction must "be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *Id.*

"Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable." *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir. 1994). This is an objective standard of reasonableness, but the court has discretion to take into account a litigants pro se status. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), citing Fed. R. Civ. P. 11 Advisory Committee Note, reprinted in 97 F.R.D. 165, 198 (1983). Accordingly, "what is objectively reasonable for a pro se litigant and for an attorney may not be the same." *Id.*

Park Rapids cites to a public records search disclosing that Rugroden defaulted on other contracts in Minnesota and is subject to at least three civil judgments there. Park Rapids argues that Rugroden's motivation in filing this suit was to delay enforcement of those judgments. Park Rapids also cites to the utter lack of factual support for Rugroden's claims against it as evidence of an intent to harass Park Rapids.

While it appears that Rugroden's suit against Park Rapids is misguided, the record does not support unambiguously a conclusion that the suit was brought for an improper purpose.

Accordingly, the motion for sanctions will be denied.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the above-entitled action is DISMISSED as to Defendants State Bank, Jack Smythe, Jon Smythe and Park Rapids on the ground that this Court lacks personal jurisdiction over Defendants. Park Rapids' Motion for Rule 11 Sanctions is DENIED.

DATED: September 30, 2008

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3

4  Gene Rugroden

5  1157 Tilton Drive

6  Sunnyvale, CA 94087

7

8
   Jon Kermit Iverson    jiverson@iversonlaw.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-1964 JF (RS)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(JFEX1)